## J. W. Redden v. Eli W. Metzger *et al.*

Ejectment—*Parties—Finding of Fact—Res Judicata.* Where, upon the trial of an action of ejectment to recover a quarter-section of land, it appeared that, in a foreclosure suit in another county, the defendant had answered and set up his title to the same land under a tax deed executed since the date of the mortgage, and in the trial of such foreclosure suit the court found that the defendant had a valid tax deed, and was the owner and in the actual possession of such land, and that no other party to the suit had any lien thereon, and then rendered a judgment against the mortgagor and decreed that certain lands be ordered sold to satisfy said mortgage, but did not include

the land claimed by the defendant under his tax deed, *held*, that such special finding of fact in favor of the defendant became a part of and was included in the judgment and decree in the foreclosure suit, and the same became *res adjudicata* as to the parties to the action and all persons claiming under them.

*Error from Shawnee District Court.*

THE opinion states the nature of the action and the facts. Judgment for defendants, *Metzger* and six others, on April 17, 1888. The plaintiff, *Redden*, brings the case here.

*Redden & Schumacher*, and *H. H. Harris*, for plaintiff in error.

*Johnson, Martin & Keeler*, and *G. A. Huron*, for defendants in error.

Opinion by GREEN, C.: This was an action of ejectment brought by the plaintiff in error against the defendants in error, in the district court of Shawnee county, to recover the southeast quarter of section 11, in township 10, of range 16. The defendants set up a claim of title under a certain tax deed, and also alleged that the question of the defendants' title had been finally adjudicated in a suit commenced in the district court of Leavenworth county, and set up such decree and judgment as being *res adjudicata.* The case was tried by the court without a jury, and judgment rendered in favor of the defendants.

It seems that George R. Hines was the owner of the undivided half of this land on the 1st day of July, 1873. In October of the same year, he conveyed his interest to W. H. Carson, who deeded to Harrison C. Hines, and he sold the same to the plaintiff in error on the 18th day of August, 1884. The defendants' claim to the land is based upon the possession of Eli W. Metzger, on March 1, 1883, under a certain tax deed, and a foreclosure suit commenced by W. J. Buchan, as trustee, in the district court of Leavenworth county, on the 7th day of March, 1883, against George C. Hines, Harrison C. Hines, Eli W. Metzger, *et al.*, to fore-

close a mortgage executed by George R. Hines and wife on the property in controversy, and several other tracts in Leavenworth, Shawnee, and other counties. In this foreclosure case, summons was served upon Harrison C. Hines and George R. Hines, in Jefferson county, on the 13th day of March, 1883, by the under sheriff of the county, but in making his return he signed it, "sheriff of Leavenworth county, Kansas, by W. S. Van Cleave, under sheriff." The summons being from the latter county, the officer had doubtless neglected to erase the printed matter on the summons. On the 24th day of December, 1886, and upon proper notice to the plaintiff, but without the knowledge of the original defendants named, the sheriff's return, by leave of the court, was amended so as to conform to the facts, and was signed by George Davis, sheriff of Jefferson county, by W. S. Van Cleave, under sheriff. The defendants Hines made default. Metzger by his answer alleged that he was the owner of this quarter-section of land in controversy by virtue of a tax deed made subsequent to the mortgage, and that therefore the land was not subject to the mortgage. In the trial of this case in the district court of Leavenworth county, on the 5th day of July, 1884, the following finding of fact, with others, was made: "That the defendant Eli W. Metzger has a valid tax deed of the southeast quarter of section 11, township 10, range 16, in Shawnee county, Kansas, and is the owner and is in the actual possession thereof, and that no other party to this suit has any lien thereon." The contention of the plaintiff in error is, that the district court of Leavenworth county rendered no judgment whatever upon this finding, and therefore nothing was settled in that case, so far as the rights of the parties to this suit are concerned; that no person is bound by any litigation until there is a final judgment; that until a court renders a judgment upon a verdict of the jury or its own findings, it is always susceptible of further investigation and of further litigation. It is conceded by the defendants in error that plaintiff in error has shown such a title to the undivided half of this land sued for as would prevail but for

the fact that it has been extinguished by the foreclosure proceedings in the district court of Leavenworth county, and that the tax deed through which the defendants in error obtained title is voidable, upon the evidence offered by the plaintiff in error, provided he is not estopped by a former adjudication from attacking the validity of this tax deed. This concession materially simplifies the case, so that the question of a former adjudication becomes the controlling one here.

A final judgment and decree were rendered· in the foreclosure proceedings in the district court of Leavenworth county. A personal judgment was rendered against George R. Hines and in favor of W. J. Buchan, as trustee, and certain lands were ordered sold to satisfy that judgment, but the land in controversy was not included in this decree. The question, then, which this case presents is this: Did the special finding in favor of Eli Metzger, concerning this land, become a part of and was it included in the judgment and decree finally rendered by the district court of Leavenworth county? If it did, the question must be answered in favor of the defendants; if it did not enter into the final determination of the case, nothing was settled by this finding. It is true, as counsel for plaintiff in error contend, that no man should be bound by any litigation until there is a final judgment; but in this case there was a final decree, and our judgment is that the finding was considered in rendering this decree, for the reason that the land claimed by Metzger was not included with the other tracts of land to be sold. This land was described in the mortgage; the plaintiff in the foreclosure suit asked that it be sold with the other lands, to satisfy the mortgage. The defendant Metzger answered that he was the owner, by virtue of a tax deed. The ownership of this land thus became one of the issuable questions to be settled, and, as the holder of such title, he had the right to make full defense. (*Bradley v. Parkhurst,* 20 Kas. 462; *Pattie v. Wilson,* 25 id. 326.) The record shows a trial and finding in favor of Metzger, and this finding was confirmed by the judgment of foreclosure of the mortgage as to the other tracts of land

described in the plaintiff's petition, which excepted this land so found to belong to him. This decree, we think, necessarily affirmed the finding that Metzger had a valid tax deed; that he was the owner and in the actual possession of the land in controversy; and that no other parties to the foreclosure suit had any liens upon the same. The rule of *res adjudicata* applies as well to facts settled and adjudicated as to causes of action. (*Whitaker v. Hawley*, 30 Kas. 326.) The judgment of a court of competent jurisdiction is conclusive on the parties as to all points directly involved in it and necessarily determined. (*Shirland v. Bank*, 21 N. W. Rep. 200; Freeman, Judgm., § 249.)

"When a fact has been once determined in the course of a judicial proceeding, and a final judgment has been rendered in accordance therewith, it cannot be again litigated between the same parties without virtually impeaching the correctness of the former decision, which, from motives of public policy, the law does not permit to be done. The estoppel is not confined to the judgment, but extends to all facts involved in it as necessary steps, or the ground-work upon which it must have been founded. It is allowable to reason back from a judgment to the basis on which it stands, upon the obvious principle that, where a conclusion is indisputable, and could have been drawn only from certain premises, the premises are equally indisputable with the conclusion." (*Burlen v. Shannon*, 99 Mass. 200; *Board v. M. P. Rld. Co.*, 24 Wis. 124; Freeman, Judgm., § 257; Wells, Res Adj., § 226; 1 Herman, Estop., § 111.)

Counsel for plaintiff in error rely upon the case of *Auld v. Smith*, 23 Kas. 65, where this court said:

"A thing contained in the findings or verdict, but not included in or confirmed by the judgment, cannot be considered as an adjudication, or used as evidence, unless some other ground can be found for its use than merely that it is contained in such findings or verdict."

Our view of this case does not conflict with the principle there decided. We think the judgment rendered in the foreclosure suit in Leavenworth county was in accordance with the special finding in favor of Metzger; and the fact that the

19—46 KAS.

record affirmatively shows that the land that he set up a title to in his answer was not included in the decree of foreclosure, is evidence that the special finding must have entered into and become a part of such decree.

We recommend an affirmance of the judgment.

By the Court: It is so ordered.

All the Justices concurring.