## D. D. DOUGLAS v. MATTIE E. DOUGLAS.*

### (*Nashville.* December Term, 1927.)

Opinion filed March 31, 1928.

### 1. RES ADJUDICATA. EVIDENCE.

A fact or question which was actually and directly in issue in a former suit, and was there judicially passed upon and determined by a court of competent jurisdiction, is conclusively settled by the judgment thereon, so far as concerns the parties to that action and persons in privity with them, and cannot again be litigated in any future action between such parties or privies, in the same court or in any other court of concurrent jurisdiction, upon either the same or a different cause of action. (Post, p. 659.)

Citing: Bouvier's Law Dictionary; Gregory v. Molesworth, 5 Atkins, 626; 34 C. J., p. 868; Chicago, etc., R. Co. v. Anderson County, 47 Kan., 766; Redden v. Metzger, 46 Kan., 285, 26 Am. St. Rep., 97.

### 2. HUSBAND AND WIFE. DIVORCE. CAUSE. DEFENSE.

The testimony required to bar a petitioner's right to relief in a suit for divorce must reach that degree of proof which is required to establish a matrimonial offense which would have entitled a defendant to affirmative relief, if it had been asked for. (Post, p. 660.)

Citing: 19 C. J., p. 80, secs. 116, 117; Reynolds v. Reynolds, 68 W. Va., 15, Ann. Cases 1912A, 889; Letts v. Letts, 7 N. J. Eq., 630, 13 Ann. Cas., 1236.

### 3. HUSBAND AND WIFE. DIVORCE. EVIDENCE.

In a subsequent suit for a divorce, the defendant is concluded and estopped by a prior decree of the same or another court, from setting up the same matter, or matters of the same character, in defense of the suit or as justifying desertion on which he was denied relief in his former suit. (Post, p. 661.)

Citing: Kittle v. Kittle, 86 W. Va., 46; Peterson v. Peterson, 68 Minn., 71; Wilkins v. Wilkins, 84 Neb., 206; Claude v. Peal, 43 La. Ann.,

---

*As to mode and sufficiency of pleading estoppel, see 10 R. C. L., pp. 842, 844; 2 R. C. L. Supp., 1089; 6 R. C. L. Supp., 623.

On conclusiveness and operation as **res judicata** of judgments in divorce proceedings, see 9 R. C. L., 459; 2 R. C. L. Supp., 806.

101; Tillison v. Tillison, 63 Vt., 411; Freeman on Judgments (2nd Ed.), secs. 249, 312.

## 4. HUSBAND AND WIFE. DIVORCE. RES JUDICATA. ESTOPPEL.

The rule is that the defense of res judicata is equally available to plaintiff where the circumstances warrant it, either by pleading it as an element of his cause of action, or in reply to defendant's answer, or, where no opportunity for this is afforded, by introducing evidence of the former adjudication, and where a party has no opportunity to plead former adjudication he may make the defense without plea under the general issue. (Post, p. 661.)

Citing: 34 C. J., sec. 1160; 9 Ency. of Pleading & Practice, 618.

## 5. HUSBAND AND WIFE. DIVORCE. PLEADING.

Divorce suits, although in the circuit court, are in their nature chancery proceedings, and no replication is required or allowed to an answer, and no clear opportunity is therefore open to plaintiff to plead res judicata upon the filing of the answer. (Post, p. 662.)

Citing: Gibson's Suits in Chancery, sec. 464, Note 1.

## 6. RES JUDICATA. EVIDENCE.

While in a second suit between the same parties upon the same cause of action a former judgment must be pleaded, if relied on as a bar, if opportunity to plead is afforded, where the second suit involves a different cause of action which depends upon the existence or non-existence of a fact adjudicated in the first suit, the judgment rendered in the first case being evidence showing or tending to show that fact, may be introduced, even though it is not specially pleaded. (Post, p. 662.)

Citing: 34 C. J., sec. 1491.

## 7. RES JUDICATA. PLEA. ANSWER. FACTS.

If the facts set out in the plea or answer make out the defense of res judicata, it is not necessary to use any merely technical phraseology, or to aver in so many words that the defendant relies upon the defense of res judicata, but it is essential only that the facts constituting the estoppel be set out in some pleading. (Post, p. 663.)

Citing: Gibson's Suits in Chancery, 329; Arnold v. Kyle, 67 Tenn. (8 Baxt.), 319; Boone v. Bank & Trust Co., 154 Tenn. (1 Smith), 249; Maryland Casualty Co. v. McTyier, 150 Tenn. (23 Thomp.), 702.

8. HUSBAND AND WIFE. DIVORCE. FORMER ADJUDICA-
TION. ESTOPPEL.

The applicability of estoppel by former adjudication to divorce cases
is generally recognized without regard to any formality of alle-
gation. (Post, p. 663.)

Citing: Shackett v. Shackett, 49 Vt., 195; Ribet v. Ribet, 39 Ala.,
349; McClanahan v. McClanahan, 104 Tenn. (20 Pick.), 226;
Civille v. Civille, 22 Cal. App., 707, 136 Pac., 505; Yeager v.
Yeager, 43 Ind. App., 313, 87 N. E., 144.

9. HUSBAND AND WIFE. DIVORCE. PLEADING. EVIDENCE.

In a divorce suit the defendant is estopped by former adjudication,
to the effect that she had not been so treated by her husband as
to entitle her to separate from him and divorce him, from defend-
ing in a case upon the ground that she had been forced by this
conduct to withdraw from him. (Post, p. 664.)

10. HUSBAND AND WIFE. DIVORCE. LIMITATION.

A divorce suit brought within two years of the dismissal of a
former suit by the same party, which was not determined on its
merits, but was dismissed on the ground that the statutory period
had not elapsed since the date of the alleged desertion, is not
prematurely brought, though brought within two years of such
dismissal. (Post, p. 664.)

11. HUSBAND AND WIFE. DIVORCE. SUSPENSION OF STAT-
UTE.

The statute of two years required for a divorce on the ground of
desertion is not suspended by the pendency of a suit for divorce
brought by one party against the other, for which the petitioner
is not responsible. (Post, p. 665.)

---

*Headnotes 1. Judgments, 34 C. J., section 1282; 2. Divorce, 19
C. J., sections 116-117, 181; 3. Judgments, 34 C. J., section 1492; 4.
Divorce, 19 C. J., section 299; 5. Judgments, 34 C. J., section 1160;
6. Judgments, 34 C. J., section 1491; 7. Judgments, 34 C. J., section
1497; 8. Divorce, 19 C. J., section 326; 9. Divorce, 19 C. J., section 442;
10. ———; 11. Divorce, 19 C. J., sections 440-441; 12. ———; 13. Di-
vorce, 19 C. J., section 224; 14. Divorce, 19 C. J., section 118.

Appeal from the Circuit Court of Shelby County.—
HON. H. W. LAUGHLIN, Judge.

MRS. M. V. SMITH, for complainant.

B. F. BOOTH, for defendant.

MR. JUSTICE CHAMBLISS delivered the opinion of the
Court.

This is a divorce suit before this Court on petitions
of both parties for writs of *certiorari.* The trial court
granted divorce to the husband on the ground of de-
sertion for two whole years. The Court of Appeals has
reversed that decree because of the exclusion in the trial
court of testimony of the wife to the effect that her with-
drawal was forced by the cruel and inhuman treatment
of the husband. This is complained of in the petition
of the husband. The testimony of the wife was excluded
by the trial court on the theory that the facts proposed
to be proven had been formerly adjudicated against the
wife in a suit brought by her for divorce on the identical
grounds, namely, cruel and inhuman treatment.

It appears that the parties were married in 1920;
that in 1922 the wife brought suit for divorce, charging
cruel and inhuman treatment and abandonment, in the
language of the statute; that this case was heard on the
merits and adjudged against her. The present suit was
brought by the husband in 1926, the record showing re-

peated offers or attempts on his part to effect a reconciliation after the dismissal of the suit of the wife.

(1)  The question thus presented has not been passed upon in our Tennessee cases. It is said (1) that the doctrine invoked is inapplicable to the proposed testimony; and that (2) if res judicata could be applied at all, it has not been appropriately plead.

Certain general principles are pertinent. We find in Bouvier's Dictionary the following definition of Res Judicata, given by Lord HARDWICK, in Gregory v. Molesworth, 3 Atkins, 626, considered by some writers the best: "When a question is necessarily decided in effect though not in express terms between parties to the suit, they cannot raise the same question as between themselves in any other suit in any other form." In 34 C. J., p. 868, it is said: "A fact or question which was actually and directly in issue in a former suit, and was there judicially passed upon and determined by a Court of competent jurisdiction, is conclusively settled by the judgment thereon, so far as concerns the parties to that action and persons in privity with them, and cannot again be litigated in any future action between such parties or privies, in the same Court or in any other Court of concurrent jurisdiction, upon either the same or a different cause of action." The doctrine thus stated is universally recognized, and applies as well to facts settled and adjudicated as to causes of action. Chicago, etc., R. Co. v. Anderson County, 47 Kan., 766; Redden v. Mitzger, 46 Kan., 285, 26 Am. St. R., 97. A distinction applicable to the instant case must be borne in mind. "If the subsequent suit is upon a different cause of action, but is between the parties or privies to a former action, the former judgment is not, as such, a bar to the maintenance of the second ac-

tion, but it will be conclusive and final as to any matter actually in issue and determined in the former action, either on behalf of plaintiff to prove an essential fact or to disprove a defense, or on behalf of defendant to dispose of essential matters of plaintiff's case, or to establish matters relied on in defense." 34 C. J., p. 874, citing many authorities.

(2) In order for the defendant wife to defend successfully this suit of the husband for divorce brought on the ground of desertion it was necessary for her to prove conduct on his part which would have entitled her to divorce because of such conduct. This was the identical issue, as appears from this record, which was passed upon and adjudicated against her in the former suit brought by her. "The general rule is that one spouse is not justified in leaving the other unless the conduct of the offending spouse is such as would in itself constitute a ground of divorce." 19 C. J., p. 80, and *idem*, sections 116-117 and notes. While it appears that some Courts have applied a different rule on grounds of public policy, where justice so required, examination of these exceptional cases indicates that they were extreme cases of misconduct on the part of the husband, which probably in this State and under our practice would have been held to constitute grounds of divorce from bed and board. "Justifiable cause which will excuse a husband or wife for leaving the other must be such as could be made the foundation of a judicial proceeding for divorce *a monsa et thoro.*" *Reynolds* v. *Reynolds*, 68 W. Va., 15, Ann. Cases 1912A 889. And "The testimony required to bar a petitioner's right to relief in a suit for divorce must reach that degree of proof which is required to establish a matrimonial offense which would have entitled a de-

fendant to affirmative relief, if it had been asked for."
*Letts* v. *Letts,* 7 N. J. Eq., 630, 13 Ann. Cas., 1236.

*(3)* With special applicability to the precise question
under consideration, we find a number of cases directly
supporting the exclusion of this testimony. The head-
note in *Kittle* v. *Kittle,* 86 W. Va., 46, reads: "In a sub-
sequent suit by the wife against her husband for divorce,
the defendant is concluded and estopped by a prior de-
cree of the same or another Court, from setting up the
same matter or matters of the same character in defense
of the suit or as justifying desertion on which he was
denied relief in his suit against her." And it is clearly
held in *Peterson* v. *Peterson,* 68 Minn., 71, that evidence
of cruel and inhuman treatment is inadmissible in a suit
brought by the husband for desertion, when these facts
had been adjudicated otherwise in a former suit by the
wife. To the same effect are the holdings in *Wilkins*
v. *Wilkins,* 84 Neb., 206; *Claude* v. *Peal,* 43 La. Ann., 101;
*Tillison* v. *Tillison,* 63 Vt., 411, and other cases. In the
last cited case the Court extends the rule to all evidence
which "was or might have been used in the former suit."
See Freeman on Judg. (2nd Ed.), secs. 249 and 312.

In several of these cases a distinction is properly rec-
ognized between evidence of matters arising before and
subsequent to the former trial, holding subsequent mat-
ters admissible, a distinction which the trial court in the
instant case observed.

*(4)* Nor do we find the plaintiff precluded from in-
voking the estoppel of *res judicata* by his failure more
formally to so plead. The learned Court of Appeals,
apparently conceding that if the defendant wife had
sought by cross-bill affirmative relief, and a formal plea
of *res judicata* had been interposed thereto, it would

have been sustained, was of opinion, stressing the generally defensive character of this plea, that "in the state of the pleadings, where the defendant was not seeking any affirmative relief, it was not *res judicata* for her to testify to facts supporting her answer, and denying the allegations of the bill." But the rule is that this defense "is equally available to plaintiff where the circumstances warrant it, either by pleading it as an element of his cause of action, or in reply to defendant's answer, or, where no opportunity for this is afforded, by introducing evidence of the former adjudication." 34 C. J., sec. 1160. The alternative course thus indicated was adopted in the instant case. "All authorities agree that where a party has no opportunity to plead former adjudication he may make the defense without plea under the general issue." 9 Ency. of P. P., 618. Plaintiff can hardly be held to the assumption when drawing his petition that facts formerly adjudicated would be offered by the defendant in her evidence, and even if the language of the answer gave notice thereof, replication is not according to our practice in these cases. (5) Divorce suits, although in the circuit court, are in their nature chancery proceedings, and no replication is required or allowed to an answer. Gibson's Suits, sec. 464, Note 1. No clear opportunity was therefore open to plaintiff to plead *res judicata* upon the filing of the answer.

(6) Moreover, while Mr. Gibson (Sec. 329) says that *res judicata* must be specially pleaded, which is the general rule in equity, conceding that this divorce suit at law is governed by equity practice, in the first place, he is referring to the plea in bar of a former judgment, where the cause of action was identical. A distinction already noted is applicable. While generally held that in a sec-

ond suit between the same parties *upon the same cause of action* a former judgment must be pleaded, if relied on as a bar, if opportunity to plead is afforded, where the second suit "involves a different cause of action which depends upon the existence or non-existence of a fact adjudicated in the first suit, the judgment rendered in the first case being evidence showing or tending to show that fact, may be introduced, even though it is not specially pleaded." 34 C. J., sec. 1491.

 *(7)* But, in the second place, Mr. Gibson concludes this section (329) with the observation that, "If the facts set out in the plea or answer make out the defense, it is not necessary to use any merely technical phraseology, or to aver in so many words that the defendant relies on the defense of *res judicata*," citing *Arnold* v. *Kyle,* 8 Bax., 319. This is consistent with our modern tendency to look through forms to the facts, and meets the purpose of all pleading—to put the opposite party on notice of demands or defenses. Our later cases are in harmony. It is essential only that the facts constituting the estoppel be set out in some pleading. *Boone* v. *Bank & Trust Co.,* 154 Tenn., at page 249; *Maryland Casualty Co.* v. *McTyler,* 150 Tenn., at page 702. In the instant case the former suit by the wife and the grounds thereof and the the result of the trial on the merits were all set forth in the petition. This would seem, in view of the foregoing, to meet all the requirements of the rules of pleading.

 *(8)* The applicability of estoppel by former adjudication to divorce cases is generally recognized. In *Shackett* v. *Shackett,* 49 Vt., 195, it is said that such a defense may be interposed in divorce cases "without regard to any formality of allegation." This is in harmony with the view expressed quite generally that in

this class of cases the public has peculiarly an interest. So, in *Ribet* v. *Ribet,* 39 Ala., 349, the Court declares that, "the Court is bound to act for the public in such cases, and so has the right to hear proofs not strictly within the allegations of the bill and answer." The maxim "that a cause is never concluded as against the Judge" is approved and applied, saying that the Court may "of its own motion go into inquiry of matters not involved in the pleadings." And this maxim has been applied by our own Court to divorce proceedings. *McClanahan* v. *McClanahan,* 104 Tenn., 226. See, also, *Civille* v. *Civille,* 22 Cal. App., 707, 136 Pac., 503, and *Yeager* v. *Yeager,* 43 Ind. App., 313, 87 N. E., 144.

*(9)* It thus appears that a specially wide discretion is vested in the trial judge in divorce cases to admit or exclude testimony, in a liberal construction of the pleadings, to the end that the public, as well as the parties, may be justified.

We are therefore constrained to hold that the defendant wife was estopped by the former adjudication, to the effect that she had not been so treated by her husband as to entitle her to separate from him and divorce him, from defending in this case upon the ground that she had been forced by this conduct to withdraw from him; and, also, that the Court was not deprived of the discretionary power to exclude testimony of matters formerly adjudicated between the parties, when offered in defense, by the omission from the pleadings of plaintiff of a formal plea of *res judicata.*

It follows, of course, that the evidence offered by her was inadmissible and was properly excluded.

*(10)* For the wife it is contended that the present suit was prematurely brought, that is, within two years of the

dismissal of a former suit brought by the husband, and the trial Court and Court of Appeals erred in refusing to so hold. We find no error in this regard. It is apparent that the former suit brought by the husband was not determined on the merits, but was dismissed on the ground that the statutory period had not elapsed since the date of the alleged desertion. *(11)* Nor were the trial court and Court of Appeals in error in refusing to sustain the contention of the wife that the running of the statutory period had been suspended by the pendency of litigation, for which the petitioner was not responsible.

These are in substance the issues raised by the petition of the wife for *certiorari,* which must be disallowed. The decree of the Court of Appeals is reversed and that of the trial Court affirmed.