# HODGES v. HODGES.—182 S. W. (2d) 749.

Eastern Section.    March 14, 1944.

Petition for Certiorari Denied by Supreme Court, October 14, 1944.

Joe C. Thomason, of Knoxville, for appellant.

E. E. Creswell, and B. A. Townsend, both of Sevierville, for appellee.

HALE, J.  This is an appeal by the wife from a decree awarding her husband a divorce on the ground of willful or malicious desertion or absence without a reasonable cause for two whole years, under Code, Section 8426, subsection 4.

There are various assignments of error, but we shall pretermit all but the fourth, which goes to the vitals of the case, viz., that the court erred in finding the defendant guilty of willful desertion for two whole years without cause.

We think this assignment is well taken.  To get the full two year period there must be counted the time there was pending a former divorce suit brought by the husband in the same court.  A brief chronological development of the case will aid in understanding the issue. The husband had brought several suits for divorce, among which was one in the Chancery Court at Sevierville, charging desertion.  This action was defended by the wife, who denied the allegation of desertion, and insisted she was then and at all times had been willing to live with her husband.  That case was heard on October 22, 1940, before Chancellor Robertson.  After the complainant's testimony was all in, the wife took the stand, denied the charge of desertion, and announced her willingness to live with her husband if he would furnish a home.  The husband then arose and said he would supply a home and resume marital relations with her.  After reciting these matters, the decree states:

"Thereupon, the court held a reconciliation had been effected between the complainant and defendant, and that no further issue remained to be tried, and dismissed

complainant's bill with full prejudice, *to which action of the court the complainant consented.*" (Emphasis supplied.)

The parties failed to agree upon the house and did not resume cohabitation. On October 25, 1941, he filed an action for divorce in the Circuit Court at Sevierville,. charging desertion. She defended, and on November 6, 1941, he filed an amendment, charging cruel and inhuman treatment. The case continued in this status until June 28, 1943, when he entered a voluntary non suit. On the same day and in the same court he filed a new action for divorce, the one now before the court, charging two years desertion, and also attempting to allege cruel and inhuman treatment, which latter charge was eliminated by demurrer, and, as before pointed out, this left only the charge of two years desertion.

█ We might point out that there was no attempt to review the Chancery decree of October 22, 1940, dismissing complainant's bill with full prejudice, which necessarily operated as an adjudication against the allegation of desertion up to that time.

Did matters subsequent to that date authorize a finding of desertion?

After the Chancery decree of October, 1940, there next came the filing of the petition in the Circuit Court on October 25, 1941, which was a little over a year after the Chancery decision, and it is manifest the husband could not get a divorce for desertion for that period. This case was defended by the wife and resulted in a non suit on June 28, 1943, and the present action then instituted. To get the two year period required by statute, there must be included the time of the pendency of the divorce action from its filing on October 25, 1941, until the non suit on June 28, 1943. Authority for this is claimed un-

der the opinion of Mr. Justice Chambliss in the case of Douglas v. Douglas, 1927, 156 Tenn. 655, at pages 664, 665, 4 S. W. (2d) 358, at page 361, wherein it is said:

"For the wife, it is contended that the present suit was prematurely brought, that is, within two years of the dismissal of a former suit brought by the husband, and the trial court and Court of Appeals erred in refusing to so hold. We find no error in this regard. It is apparent that the former suit brought by the husband was not determined on the merits, but was dismissed on the ground that the statutory period had not elapsed since the date of the alleged desertion. Nor were the trial court and Court of Appeals in error in refusing to sustain the contention of the wife that the running of the statutory period had been suspended by the pendency of litigation, for which the petitioner was not responsible."

This opinion does not give the dates involved, and we think must be confined to the facts of that particular case. If the broader application, such as is contended for in the instant case, is given, it will be in collision with former and subsequent holdings of the Supreme Court and also with the general rule in other jurisdictions. In Thomas v. Thomas, 42 Tenn. 123, decided in 1865, the Supreme Court, speaking through Maynard, Special Judge, said:

"The charge of two years malicious absence is, under the circumstances, merely frivolous, and ought to have been dismissed by the Chancellor, on demurrer. Not inquiring at this point, whether she had any cause for leaving her husband, she had been absent from him less than four months when his original bill was exhibited. To expect her to return to him while he was making and litigating with her issues, is a proposition too monstrous for argument."

Although the charges against Mrs. Thomas were much more severe than those leveled at Mrs. Hodges, we think the same rule is applicable. She denied the charges made by her husband, and resisted his attempt to get a divorce. His nonsuit was in the nature of an admission that he could not get along with the charges made and demonstrates the bona fides of the wife in defending.

In the case of Quinn v. Quinn, 169 Tenn. 173, 83 S. W. (2d) 269, 270, decided in 1935, the Supreme Court, speaking through the lamented Justice DeHaven, said:

"Under section 8426 of the Code, the willful or malicious desertion or absence of either party, without reasonable cause, made a ground for divorce, must exist for two whole years. The statute contemplates that the desertion or absence be willfully or maliciously continued by the offending party for the full period of two years. The initial act of desertion alone does not constitute ground for divorce. It must be continued in its every element for the period of two whole years. It is at the end of this period that cause of action accrues. Obviously defendant, after she became insane, could not entertain the intent and purpose of deserting complainant, or of absenting herself from him. For two whole years after the commencement of the desertion the door of repentance is kept open. At any time within that period the offending party has the undoubted right to put an end to the desertion by returning, or offering to return, in good faith, and resume marital relations. But, for defendant's insanity, she might have decided to return to complainant. Her return, or offer to return, in good faith, would have broken the continuity of the desertion and complainant's right of action would not have accrued."

We believe the pendency of the charges against Mrs. Hodges constituted reasonable grounds for her absenting

herself from her husband; or, to state it differently, would not require her to throw herself at his feet to avoid being charged with desertion for the period of litigation. He was the actor; he was trying to get a divorce, and it is not reasonable to expect the parties to live together during the pendency of a divorce action. To hold otherwise is to say that the parties to a divorce action must be expected to litigate at term time and cohabit at all other periods to avoid being charged with desertion.

The rule in other jurisdictions seems to support this holding. See: 17 Am. Jurispr., p. 208; 27 C. J. S., Divorce, sec. 56, pp. 601, 602; Vickers v. Vickers, 41 A. L. R. 266 and Annotations.

If we were to exclude this period of the pending litigation, it is manifestly impossible for the two year period of desertion to have accrued. In our opinion, the divorce was improperly granted, and the judgment below is reversed, and the suit dismissed at the cost of the defendant in error and the surety on his prosecution bond.