**Betty Ann Crumby DAVES, Appellant,**

**v.**

**Carroll Edward DAVES, Appellee.**

Court of Appeals of Tennessee,
Western Section.

Sept. 25, 1978.

Certiorari Denied by Supreme Court
Dec. 29, 1978.

Don G. Owens, Jr., Memphis, for appellant.

Ernest G. Kelly, Jr., Memphis, for appellee.

NEARN, Judge.

This appeal from a decree of divorce turns primarily upon a principle of law.

Prior to this case, on March 5, 1974, the wife filed suit for divorce on the grounds of cruel and inhuman treatment. That complaint alleged that the parties separated on January 19, 1974. The husband filed an answer which denied the wife's entitlement to a divorce, but admitted that the parties separated on January 19, 1974, when the wife asked him to leave their home. No affirmative relief was sought by the husband. After a full contested hearing on the merits the wife's complaint was dismissed with prejudice on May 12, 1976. No appeal was taken from that order.

On June 21, 1976, the wife filed another complaint for divorce charging that the defendant was:

"guilty of such cruel and inhuman treatment or conduct towards her as renders cohabitation unsafe and improper and that she is entitled to an absolute divorce from the defendant. Further, that the defendant has abandoned the plaintiff or turned her out of doors, and refused or neglected to provide for her."

The husband answered specifically raising the defense of *res judicata* and filed a counter-claim for divorce on the grounds of cruel and inhuman treatment and desertion.

After a hearing, the Trial Judge dismissed the wife's suit for divorce and granted the husband the divorce on grounds of desertion. Custody of the children was awarded the wife, along with an award of child support. A division of the jointly held property was made by the Court.

In dismissing the wife's suit the Trial Judge held that she had failed to carry the burden of proof in establishing her grounds for divorce as alleged. In awarding the husband the divorce the Trial Judge held that the husband was wrongfully excluded from the home of the parties on or about January 19, 1974, due to the conduct of the wife and that it was *res judicata* that she had no legal cause for so doing.

The wife appeals with three Assignments of Error. The first is that the Trial Court erred in allowing the husband to compute the desertion period from January 19, 1974, through May 12, 1976. The second faults the Trial Judge for refusing to grant the wife a divorce on the grounds of abandonment and the third complains of the division of the property.

The husband has perfected a precautionary appeal in the event the wife is successful in her appeal.

The argument presented in support of the first Assignment of Error is that the time of the pendency of a prior divorce action may not be included by the husband in computing the statutory time requirement to establish the grounds of desertion.

Counsel for appellant argues that the generally recognized rule is that the time of a previous matrimonial litigation ordinarily cannot be counted as a part of the statutory period of desertion in a subsequent suit for divorce between the same parties citing 80 A.L.R.2d p. 855, and that since there are no Tennessee cases directly in point we ought to follow the "generally recognized rule" and deny the husband the right to count the time when the previous divorce action was

pending as included in the statutory desertion period.

We do not fault the general rule. This is simply a case that finds its exception in the word, "ordinarily", found in the general rule. See 80 A.L.R.2d p. 866. It is not the ordinary fact case. Additionally, while there may or may not be a case in Tennessee directly in point, there are some close enough to suit us.

 The wife admits she ordered the husband out of their home in January 1974. They have been separated since then. When the Trial Judge, in the first divorce on May 12, 1976, dismissed the wife's complaint for divorce with prejudice, that dismissal was a judicial finding, unappealed from, that the wife had no cause for divorce. Therefore, she had no just cause to order him from the home on January 19, 1974, as she had alleged in the first complaint. She may not relitigate that issue in another suit in another form. See *Douglas v. Douglas* (1928) 156 Tenn. 655, 4 S.W.2d 358. That the foregoing is the result dictated by law is not and cannot be seriously contested by counsel for the wife. However, it is suggested that even if that be true, the time of that earlier pending previous divorce suit should not be included in the computation of the statutory period for desertion. This suggestion is offered on a "public policy" basis and upon authority of *Hodges v. Hodges* (1944 E.S.) 27 Tenn.App. 547, 182 S.W.2d 749, wherein the statement is found that "To hold otherwise is to say that the parties to a divorce action must be expected to litigate at term time and cohabit at all other periods to avoid being charged with desertion."

In *Douglas*, supra, as in this case, the parties separated never again to cohabit and the wife first filed suit for divorce which was heard on the merits and adjudged against her. It appears from the Court's opinion that some time after the wife's suit was dismissed, the husband filed for divorce but same was not heard on the merits but was dismissed on the grounds that the statutory period for desertion had not elapsed. Thereafter, it would appear

that the husband, after the appropriate time had expired, again filed for divorce on the grounds of desertion and this time was successful.

The Court clearly held that in a subsequent suit by the husband, the wife was estopped to show that she had been forced by his conduct to withdraw from him initially and that that contention had been previously and finally decided adversely to her.

It appears that on appeal the wife contended that in order to make up the full two year period then required for desertion, it was necessary that the time during which the husband's first suit was pending had to be included. The wife complained and the Court responded with the somewhat *ipse dixit* statement that there was no "—error in refusing to sustain the contention of the wife that the running of the statutory period had been suspended by the pendency of litigation, for which the petitioner [1] was not responsible."

The *Hodges* case, supra, which is strongly relied upon by counsel for Mrs. Daves, is a case in which it was held that the period of pendency of a contested divorce litigation is not to be included in a subsequent suit in computing the period of willful desertion necessary to constitute grounds for divorce.

The two holdings seem to be oppositional. In truth, they are and ought be; as the holding in each case is based upon opposite facts. Therefore, the two cases are not conflicting but are harmonious.

In *Douglas*, supra, the husband had not been guilty of any act to cause the wife to withdraw and such fact was undisputed under the doctrine of *res judicata*. No reconciliation was ever effected after that withdrawal caused by the wife. The husband then prematurely filed suit for divorce on the grounds of desertion. The filing of that suit caused no separation of the parties as they were already separated by the wife's withdrawal and her continuous refusal to cohabit with the husband. We believe that

to be the reason why the Court stated that there was no merit to the wife's contention that she was not responsible for the filing of that litigation. It may have been filed prematurely, but premature or not she was the cause of it by her continual refusal to cohabit.

In *Hodges*, supra, the husband had filed several suits for divorce, one of these charging the wife with desertion and which was dismissed with prejudice. (The Court held that such dismissal insofar as it affected the husband's suit on appeal, operated as an adjudication against the husband's allegation of any desertion prior to that dismissal.)

The husband then filed another suit charging desertion, but non-suited same before trial. Then the husband filed another suit charging desertion and the Trial Court granted him a divorce on the grounds of desertion computing the period during which the suit that was non-suited was pending in order to arrive at the two years required. The reviewing Court reversed the Trial Court for including such period in the two year computation.

*Douglas* and *Hodges*, supra, differ factually in this major regard. In *Douglas*, the party *who had not*, by the application of *res judicata, caused the separation* was allowed to compute as desertion time, that period which elapsed during a pending suit filed by the *non* deserting party, after the desertion, which suit was not heard on the merits. In *Hodges*, the party *who had* caused the separation was *not* allowed to compute as desertion time that period which elapsed during a pending suit filed by the *deserting* party, after the desertion, which suit was not heard on the merits.

In this case, the facts are closer to those in *Douglas*, supra, and the result ought be along those lines. To hold otherwise would permit the party otherwise subject to a divorce on the grounds of desertion, to avoid the divorce by filing one groundless suit after the other.

1. Since both husband and wife in the *Douglas* case, supra, petitioned for certiorari we are uncertain as to whom the Court referred by the use of the term "petitioner". For now, we will assume the Court meant "she".

The first Assignment of Error is overruled.

The wife's alleged grounds for divorce hang by gossamer threads at the most. Her theory is that she was not properly and adequately supported by the husband between May 31, 1976, and June 21, 1976, that is to say she was not adequately supported for 21 days following the dismissal of her first divorce suit and the filing of her second suit. We concur in the finding of the Trial Judge that, "the wife failed to carry the burden of proof in establishing her grounds alleged for divorce . . ." The Assignment of Error is overruled.

The third Assignment of Error in effect seeks an alimony award in favor of the wife under the guise of a larger "equitable" distribution of jointly held property under T.C.A. § 36–825. The Trial Court awarded to the wife the interest in a 1974 Dodge Charger, the furniture, the furnishings, household articles, and the home of the parties. A great deal of the brief of the wife's counsel is concerned with the husband's annual income, future earnings, and retirement benefits accrued at his place of employment and faults the Trial Court for not taking into consideration the husband's annual income and retirement benefits and awarding part of same to the wife. To do so would be to award alimony under T.C.A. § 36–825 which the Court may not do. *Humphreys v. Humphreys* (1954 W.S.) 39 Tenn.App. 99, 281 S.W.2d 270. T.C.A. § 36–826.

The wife's Assignments of Error are all overruled. We do not reach the husband's.

The decree below is affirmed with costs of appeal adjudged against the wife.

MATHERNE and SUMMERS, JJ., concur.