### IN THE

# SUPREME COURT OF TENNESSEE

### FOR THE

### WESTERN DIVISION.

## JACKSON, APRIL TERM, 1911.

L. G. NEWSUM, *Trustee, et al., v.* LEON HOFFMAN *et al.*

(*Jackson.* April Term, 1911.)

1. **CHATTEL MORTGAGES.** Executed and registered in other States, valid and effective there, are so here, by comity; but not if mortgagee consented to removal, when.

When a chattel mortgage is executed and duly recorded in another State, where the property then is, and where the mortgageor resides, and is valid under the laws of that State, the mortgagee, under the rule of comity between States, has the better right, upon the subsequent removal of the property to another State, as against a levying or attaching creditor of, or an innocent purchaser from, the mortgageor in the State to which the property has been removed, although the mortgage is not recovered in the latter State; and this is true, although the mortgageor is permitted, under the terms of the mortgage, to retain possession until default; but, such comity should not be extended to cases wherein it appears that the mortgagee consented to such removal, or, having knowledge thereof, does not, within a reasonable time thereafter, assert his rights, so as to protect him against incumbrances put upon the property or purchases made in the State to which the removal has been made.

Newsum v. Hoffman.

Cases cited and approved: Galt v. Dibrell, 10 Yerg., 146, 152-155; Gookin v. Graham, 5 Humph., 480; Beaumont v. Yeatman, 8 Humph., 542, 548; Allen v. Bain, 2 Head, 101; Bank v. Hill, 99 Tenn., 42; Hughes v. Abston, 105 Tenn., 70; Snyder v. Yates, 112 Tenn., 309; and numerous federal cases and cases in other States on pages 372 and 373 of the opinion.

Case cited, distinguished and modified: Hughes v. Abston, 105 Tenn., 70.

2. SAME. Mortgage executed and registered in another State upon a chattel in this State is not effective as against a purchaser here.

A mortgage, executed in another State and duly recorded there, upon a chattel at that time in this State and so remaining, does not confer a right superior to that of an innocent purchaser of the property at a sale made in this State. (*Post, p.* 375.)

Case cited and overruled: Lally v. Holland, 1 Swan, 396.

---

FROM SHELBY.

---

Appeal from the Chancery Court of Shelby County.— FRANCIS FENTRESS, Chancellor.

E. C. BLACK and W. P. ARMSTRONG, for complainants.

LEO GOODMAN, for defendants.

---

MR. JUSTICE NEIL delivered the opinion of the Court.

The bill states the following facts:

In January, 1910, one C. R. Goza conveyed to com-

plaintant Newsum, trustee for Self & Hawkins, two mules to secure a debt. All of these persons were residents of Quitman county, Miss., and the mules were also there when the trust deed was executed. This instrument provided that the mortgagor should retain possession of the property until default made. Default was made in the payment of the debt, and after that time Goza, on the 6th day of December, 1910, without the knowledge or consent of the trustee, or of the beneficiaries under the trust deed, conveyed the mules to Memphis, Tenn., and sold them to defendants Hoffman and Wright the next day thereafter. This removal of the property from the State of Mississippi to the State of Tennessee, and the sale by Goza, was, on his part, for the purpose of defrauding Newsum and the aforesaid beneficiaries. The bill does not allege that Hoffman and Wright had any actual knowledge of Goza's fraudulent purpose, or of the deed of trust on the mules recorded in Quitman county, Miss. The prayer of the bill was for judgment, etc. The defendants demurred, making the point that there was no equity in the bill, because it failed to show that the trust deed was registered in Tennessee, or that the defendants had any notice thereof, and did show that they were innocent purchasers. The chancellor sustained the demurrer and dismissed the bill. On appeal to the court of civil appeals, the decree of the chancellor was affirmed. Thereupon a petition for *certiorari* was filed in this court, to remove the cause

from the court of civil appeals, and to have it retried here.

The weight of authority undoubtedly is that when a chattel mortgage is executed in a foreign State, where the property then is, and where the mortgagor resides, and has been duly recorded in that State, pursuant to its laws, and is valid under the laws of that State, the mortgagee, under the rule of comity between States, must be held to have the better right, upon the subsequent removal of the property to another State, as against a levying or attaching creditor of, or an innocent purchaser from, the mortgagor, in such States into which the property has been so removed, although the mortgage is not recorded in the latter State. See notes to *Snider* v. *Yates,* 64 L. R. A., 353, and text of the following cases and notes thereto: *Shapard* v. *Hynes,* 104 Fed., 449, 45 C. C. A., 271, 52 L. R. A., 675; *Nat. Bank of Commerce* v. *Morris,* 114 Mo., 255, 21 S. W., 511, 19 L. R. A., 463, 35 Am. St. Rep., 754; *Handley* v. *Harris,* 48 Kan., 606, 29 Pac., 1145, 17 L. R. A., 703, 30 Am. St. Rep., 322; *Ord National Bank* v. *Massey,* 48 Kan., 762, 30 Pac., 124, 17 L. R. A., 127; *Hornthal* v. *Burwell,* 109 N. C., 10, 13 S. E., 721, 13 L. R. A., 740, 26 Am. St. Rep., 556; *Creelman Lumber Co.* v. *Lesh,* 73 Ark., 16, 83 S. W., 320, 3 Am. and Eng. Ann. Cas., 108; *Walter C. Jones* v. *North Pac. Fish & Oil Co.,* 42 Wash., 332, 84 Pac., 1122, 6 L. R. A. (N. S.), 940, 114 Am. St. Rep., 131. This is true, although the mortgagor is permitted to retain possession until default, under the terms of the mortgage. Many

States have spoken upon the question, and, so far as we have been able to discover, the courts of only three of them have rendered adverse decisions—Pennsylvania, Louisiana, and Michigan. In some of the cases referred to it is held that the foreign mortgagee waives his priority in favor of incumbrances put upon the property in the State to which it has been removed, or as to purchases made therein, if he consented to such removal, or, having knowledge thereof, did not, within a reasonable time thereafter, assert his rights. *Walter C. Jones* v. *North Pac. Fish & Oil Co.*, supra, and the following cases cited in the note thereto: *Armitage-Hereschell Co.* v. *Potter*, 93 Ill. App., 602; *Kanaga* v. *Taylor*, 7 Ohio St., 134, 70 Am. Dec., 62; *Anderson* v. *Doak*, 32 N. C., 295; *National Bank* v. *Morris*, supra; *Greene* v. *Bentley*, 52 C. C. A., 60, 114 Fed., 112. See, also, *Bank* v. *Bauman*, 87 Neb., 25, 126 N. W., 654. In *Creelman Lumber Co.* v. *Lesh*, supra, the majority of the court declined to express an opinion on this subject; but Wood, C. J., in concurring with the majority, gave it as his opinion that the fact of consent or nonconsent by the mortgagee should be held immaterial.

We are of the opinion, however, that the point is material, and that the grace of comity should not be extended to cases wherein it appears that the mortgagee consented to the removal, since in such cases he thereby negligently places it within the power of the mortgagor to deceive and defraud innocent people in the State into which the property may be removed. This was one of

the grounds on which the court decided the case of *Snyder* v. *Yates*, 112 Tenn., 309, 79 S. W., 796, 64 L. R. A., 353, 105 Am. St. Rep., 941. In that case it appeared that the mortgagor had removed the property from Illinois to Tennessee, and entered into business with it as a part of his manufacturing establishment, and that the mortgage had been placed of record in this State, in the county in which the factory or stave mill was located, but not properly acknowledged for registration here. From these facts we inferred that the property had been removed to this State with the consent of the mortgagor. Under these facts the case was correctly decided. However, we think it should be limited to its facts. The view expressed in that case, that, while the contract should be governed, as to its validity, by the *lex loci contractus*, it is contrary to sound policy to permit the laws of a foreign State to control in respect of priority of lien or right; that is to say, to permit foreign statutes regulating the filing and registration of chattel mortgages to operate as notice, or to take the place of the common-law rule which requires the mortgagee of chattels to take possession, on pain of suffering a subordination of his rights to creditors of, and innocent purchasers from, the mortgagor, is supported by reasons that are obvious and strong. Still, on further consideration, we yield to the great weight of authority on the general question, with the qualification concerning the effect of the consent of the mortgagee above indicated. It seems a churlish and ungracious course, if not an example of im-

provident judgment, to hold out against the generous comity of the many States which recognize the rule of interstate courtesy upon this subject. We are the more easily reconciled to our withdrawal from the position taken in the case of *Snyder* v. *Yates,* since our present view is in accord with that formerly held by this court, as shown in *Hughes* v. *Abston,* 105 Tenn., 70, 58 S. W., 296, *Bank* v. *Hill, Fontaine & Co.,* 99 Tenn., 42, 41 South., 349; *Allen* v. *Bain,* 2 Head, 101; *Beaumont* v. *Yeatman,* 8 Humph., 542, 548; *Gookin* v. *Graham,* 5 Humph., 480; and *Gąlt* v. *Dibrell,* 10 Yerg., 146, 152-155. The last case cited recognizes the distinction above laid down that, if the property be removed to this State with consent of the mortgagor, it becomes subject to our laws and must be registered here. 10 Yerg., 153, 154. To same effect is *Gookin* v. *Graham.* *Lally* v. *Holland,* 1 Swan, 396, has been referred to. We do not think that case is sound, in so far as it holds that a mortgage executed in a foreign State, and duly recorded there, upon a chattel at the time in this State, and continuing in this State, confers a right superior to that of an innocent purchaser of the property by purchase made in this State.

On the grounds stated, the petition for *certiorari* must be granted, the court of civil appeals reversed, the demurrer overruled, and the cause remanded for answer and further proceedings.