STATE OF TENNESSEE *ex rel.* SWINK *v.* MAYO.[*]

(*Jackson.*   April Term, 1928.)

Opinion filed July 16, 1928.

1. **CHANCERY COURT.   ADJOURNMENT.   REGULAR TERM. SPECIAL TERM.**

A regular term of the chancery terms of Court expires when the chancellor opens the next term of Court fixed by law in another County, and the effect of adjourning said first regular term of Court to such future days as did not conflict with his other Courts was not to keep said regular term open. What could have been done at said term only, could not be done at any special or adjourned dates or terms. (Post, p. 341.)

Citing: Acts 1909, ch. 551; Lieberman, Loveman & Cohn v. Knight, 153 Tenn., 273; Garner v. Carroll, 7 Yerg., 365; Staggs v. State, 3 Humph., 375.

2. **TERM OF COURT.   REGULAR TERM.   SPECIAL.   BILL OF EXCEPTION.   MOTION TO STRIKE.**

In order to preserve exceptions a record must be made up, signed and filed during the term at which the case was tried or within the time allowed for filing the bill of exceptions, and where a bill of exceptions was filed after a regular term, or within the time allowed, and at a special term held after the regular term, a motion to strike the bill of exceptions must be sustained. (Post, p. 342.)

Citing: Dunn v. State, 127 Tenn., 272; Rhinehart v. The State, 122 Tenn., 698; Miller v. Railroad, 1 App. Cas. 88.

3. **APPEAL.   ABSENCE OF BILL OF EXCEPTIONS.**

Complainant's only assignment of error relates to the action of the Court in holding the facts insufficient to oust the defendant and in dismissing the bill. In the absence of a duly authenticated record preserving the evidence and filed within the time pre-

scribed by law, the facts cannot be reviewed on appeal. (Post, p. 342.)

Citing: Railway & Light Co. v. Trawick, 118 Tenn., 273; Scopes v. The State, 152 Tenn., 424.

---

### FROM MADISON.

---

Appeal from the Chancery Court of Madison County.— HON. TOM C. RYE, Chancellor.

G. H. RUSSELL and HUNTER WILSON, for appellants.

T. W. POPE and ANDERSON & WHITE, for appellee.

MR. JUSTICE COOK, delivered the opinion of the Court.

The bill was filed upon relation of citizens of Madison County under Chapter 11, Acts of 1915, to oust the defendant from the office of Chairman of the County Board of Education. The cause was heard by the Chancellor at the June Term, 1927, upon oral testimony and a final decree entered. The decree entered June 23, 1927, under the caption of the June Term, reads:

"This cause came on to be heard before the Honorable TOM C. RYE, Chancellor, on this June —, 1927, on the bill of complaint seeking to oust the defendant from the office of member of the County Board of Education of Madison County, and from the office of the Chairman of said Board, the answer of defendant, the testimony of witnesses examined in open court, the exhibits and argument of counsel and the entire record in the cause, and after due consideration of all of which the Court is of the opinion and finds that the defendants,

Robert C. Mayo, has not knowingly or wilfully miscon-
ducted himself in office and has not knowingly or wil-
fully neglected to perform any duty enjoined upon him
by law, and that he is not guilty of the charges set forth
in the bill of complaint for the commission of which
it is sought to oust him from his office, and that the bill
should be dismissed at the cost of the relators. It is
therefore ordered, adjudged and decreed that the com-
plainant's bill be and the same is hereby dismissed.''

Appeal was prayed and granted and thirty days al-
lowed the complainant ''in which to perfect the appeal
and file appeal bond.'' It does not appear that any time
was asked within which to file a bill of exceptions re-
quired to preserve the oral testimony. A bill of excep-
tions was filed December 2, 1927. The defendant moved
to strike the bill of exceptions. Complainant replied
that the June Term was not adjourned in course, but
remained open until the regular December Term, and the
bill of exceptions was verified and filed during the June
Term.

(1)   The Terms at Jackson are fixed by Statute for the
first Mondays of June and December. The regular June
Term expired when the Chancellor in obedience to Stat-
ute opened the August Term, within his Chancery Di-
vision, in Carroll County. The Term in Carroll was
followed by regular terms of Court in three or more
other Counties of the Chancery Division during the
months of August, September and October.

For the public convenience the Chancellor did not aban-
don the business of the Court at Jackson when the June
Term expired, but exercising authority under Chapter
551, Acts of 1909, the Court was adjourned to such future
days as he might be able to hold the Court at Jackson

without conflict with the other terms of Court in the Division. The effect of these adjournments was not to keep the June Term open. They were distinct from the June Term. See Shannon's Code, Sec. 5745; *Lieberman, Loveman & Cohn* v. *Knight,* 153 Tenn., 273. What could have been done at the preceding June Term only, could not be done at any of these special or adjourned dates or terms. *Garner* v. *Carroll,* 7 Yerg., 365; *Staggs* v. *State,* 3 Humph., 375.

*(2)* In order to preserve exceptions a record must be made up, signed and filed during the term at which the case was tried or within the time allowed for filing the bill of exceptions. *Dunn* v. *State,* 127 Tenn., 272; *Rhinehart* v. *The State,* 122 Tenn., 698; *Miller* v. *Railroad,* 1 App. Cas., 88.

No bill of exceptions was filed during the June Term of Court at Jackson, but after that term expired and during a special or adjourned term held after expiration of the June Term. The motion to strike the bill of exceptions must be sustained.

*(3)* Complainant's only assignment of error relates to the action of the Court in holding the facts insufficient to oust the defendant and in dismissing the bill. In the absence of a duly authenticated record preserving the evidence and filed within the time prescribed by law, the facts cannot be reviewed on appeal. *Railway & Light Co.* v. *Trawick,* 118 Tenn., 273; *Scopes* v. *The State,* 152 Tenn., 424.

It must be presumed that the evidence justified the decree of the Chancellor.

Special Justice TIMBERLAKE took no part in the consideration of the case. Affirmed.