Southern Continental Telephone Co. *v.* Alley.

(*Nashville*, December Term, 1933.)

Opinion filed June 25, 1934.

HAGGARD & WRIGHT, of Rockwood, S. H. JUSTICE, of Wartburg, and J. H. McCARTT, of Oakdale, for plaintiff in error.

BOWEN & BOWEN and J. R. NICHOLS, all of Knoxville, for defendant in error.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

This is an action for damages for personal injuries, wherein the plaintiff, Lavonah Alley, was given a verdict and judgment against the defendant in the sum of $3,000. On the defendant's appeal in error, the Court of Appeals reversed the judgment of the circuit court, finding no evidence to sustain the verdict, and dismissed the suit as

on a directed verdict for the defendant. We have heretofore granted the plaintiff's petition for the writ of *certiorari*. The case was placed on the docket for oral argument, and oral argument was waived.

The plaintiff assigns as error that the Court of Appeals erred in overruling her motion to strike the bill of exceptions from the record, on the ground that it was not filed within the time authorized by law.

The transcript, as certified to the Court of Appeals, contains the record of a final judgment by the circuit court of Morgan county, on October 19, 1932, on which date the plaintiff in error, the original defendant, was allowed thirty days within which to prepare and file its bill of exceptions. The minute entry of that date, duly certified over the signature of the trial judge, recites that on that day the court adjourned "until court in course." ·

The bill of exceptions was filed on December 8, 1932, more than thirty days from the date of said order and the date of the adjournment of the term. The defendant relies upon an alleged extension of time for the filing of its bill of exceptions. Its contention in this regard is founded upon an order made by the trial judge on November 16, 1932, granting thirty days for the filing of a bill of exceptions. This order does not appear to have been entered on the minutes of the circuit court. It appears on a separate page of the transcript, and includes copy of an indorsement of the clerk reciting that it was filed on November 18, 1932.

This purported extension of time, as it is copied into the original transcript, is void and ineffective for two reasons. It was not entered on the minutes of the

circuit court, and it was an action taken by the trial judge after the adjournment of the trial term. *Scopes v. State,* 152 Tenn., 424, 278 S. W., 57.

The plaintiff in error suggested the diminution of the record in the Court of Appeals, and caused to be filed in that court a certificate of the clerk of the circuit court, dated February 18, 1933, wherein it is recited that the trial judge had not signed the minutes for October, 1932, and that the final judgment and the order of adjournment, which appear on the minutes of October 19, 1932, were not "filed" in his office until December 22, 1932, which was after the attempted extension of time of November 16th.

Upon consideration of this certificate, the Court of Appeals was of the opinion that because the circuit judge had not signed the October 19th minutes, the trial term of the circuit court was still open on November 16th, and that it was therefore within the power and jurisdiction of the circuit judge on that date to grant additional time for the filing of the bill of exceptions.

In making this ruling the Court of Appeals assumed that the extension order of November 16th was entered on the minutes of the circuit court, but, as above pointed out, the record does not show that this was done.

Reference to the Code discloses that a term of the circuit court for Scott county, presided over by the same circuit judge, began on the first Monday in November, which was prior to the action of the trial judge in this case on November 16th.

Even if the failure of the trial judge to sign the minutes of October 19th, containing the term adjourning order, could be construed as keeping the court open for

further proceedings on a day prior to the next succeeding term of the Morgan county circuit court, action taken on such subsequent day could not be treated as having been made at the October term of that court. *State ex rel. Swink* v. *Mayo,* 157 Tenn., 339, 8 S. W. (2d), 477.

The plaintiff in error invoked the jurisdiction of the Court of Appeals to review the judgment rendered by the circuit court on October 19th, and by virtue of the order of the circuit court made on that day granting it an appeal in the nature of a writ of error. It does not now contend that the original transcript is in error in its recitation that the final judgment was rendered and the term adjourned on that day. It invoked the jurisdiction of the Court of Appeals on the theory that the final judgment against it was a valid and completed action of the circuit court. It may be that it might have caused its appeal to be dismissed as premature upon a showing to the Court of Appeals that the minute entry containing the final judgment had not been signed, but that was not done. At this stage of the proceeding we think no action can be predicated upon the fact that the minutes were not signed at the time the case was presented to the Court of Appeals.

The situation, as we think it appears from the certificate of the clerk hereinabove mentioned, is that on account of the failure of the clerk and circuit judge to comply with their statutory duty, the minute record of the several things done by the court on October 19th was not prepared until some time thereafter. Nevertheless, the minute record, when prepared, is a record of the things done on the date shown by the record, and mere delay in preparing the record does not cause it to speak as of a later date.

Notwithstanding the fact that the minutes for October 19th had not been prepared when the trial judge was asked to extend the time for filing the bill of exceptions, on November 16th, the judge recognized that he had no power or right to change or alter his original order granting only thirty days. Upon that date he was clearly without jurisdiction to make any further orders in the case, and the attempted extension of time was altogether void and of no effect.

We therefore find it necessary to reverse the judgment of the Court of Appeals, and to rule that the bill of exceptions contained in the transcript was not filed in accord with the law, and that it is no proper part of the record. There being no reversible error on the technical record, the judgment of this court will affirm the judgment rendered by the circuit court of Morgan county.