BANKERS' FINANCE CORPORATION *v.* LOCKE & MASSEY
MOTOR CO.

(*Nashville,* December Term, 1935.)

Opinion filed March 7, 1936.

R. R. HAGGARD, of Waynesboro, for appellant.

GENE STOCKARD, of Lawrenceburg, for appellee.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

A motion to strike the bill of exceptions because filed too late must be overruled. Motion for a new trial was overruled by the trial judge on January 18, 1935, and thirty days was granted for filing a bill of exceptions. The same day the court adjourned the regular January term over to February 11th. An order was entered on February 13, as of February 11, *nunc pro tunc,* granting an additional thirty days for the filing of the bill of exceptions. It was filed February 13. This was in time. The fact relied on that a term of court for Giles county intervened between January 18 and February 11 is immaterial, in view of the express provisions of chapter 113, Acts of 1905, sections 1, 3, Code 1932, sections 9937 and 9939, that judges of the circuit and criminal courts may adjourn their courts over to a time subsequent to that fixed by law for the holding of another court in the same judicial circuit, and that the "two terms shall be and constitute but one term." In *Mullen* v. *State,* 164 Tenn., 523, 51 S. W. (2d), 497, Mr. Justice McKINNEY

gave effect to this statute. *State ex rel. Swink* v. *Mayo,* 157 Tenn., 339, 8 S. W. (2d), 477, is not controlling, since that was a suit in chancery. Chancellors are governed by the Act of 1909, chapter 551, Code, section 9940, et seq., which contains no provision that the two terms shall constitute but one. This difference in the statutory provisions applicable to the circuit and criminal courts, on the one hand, and the chancery court, on the other, was apparently overlooked when the opinion was prepared in *Southern Continental Telephone Co.* v. *Alley,* 167 Tenn., 561, 72 S. W. (2d), 555. That was a circuit court proceeding, and the citation of *State ex rel. Swink* v. *Mayo, supra,* was therefore inept. It results that the circuit judge, acting within the same term, in legal effect, of his court, at which he had overruled the motion for a new trial, had the power to change his original order and extend the time. *Beiler* v. *State,* 158 Tenn., 404, 14 S. W. (2d), 51.

This is a replevin suit in a magistrate's court, brought by an Alabama corporation, to recover possession of an automobile, asserting claim thereto under a mortgage made and registered in that state, where the mortgagor and mortgagee reside, but not in Tennessee, to secure an indebtedness evidenced by notes duly transferred to the corporation by the original payee. The defendants, residing in Lawrence county, Tenn., were creditors of John R. Meeks, the owner-mortgagor of the car, and locating the car in that county, had levied an attachment thereon. The magistrate gave judgment for plaintiff, but on appeal the circuit judge reversed and dismissed the suit, sustaining the priority of the attachment over the mortgage.

The case was heard in the circuit court on the following written stipulation of facts:

"I. That the plaintiff, Bankers Finance Corporation, which is an Alabama corporation with its principal office and place of business at *Florence, Ala.,* holds a chattel mortgage on the automobile, replevied by it in this cause, to secure an indebtedness, with a balance yet unpaid, of one John R. Meeks, the mortgagor, evidenced by his note, executed with the mortgage, to the order of one W. A. Ellis, the mortgagee, on April 25, 1932, and which note and mortgage were, on June 14, 1932, duly transferred to plaintiff for value, before the dates of maturity of nine of the ten monthly instalments of the note, but after that of the first instalment, and without notice of any defect. The chattel mortgage, signed by Jno. R. Meeks was legally registered in Colbert County, Alabama, where the contract or mortgage was made and where said Meeks resides. The execution of the mortgage was not acknowledged before a Notary or otherwise nor was its execution witnessed. The instrument was not registered in Tennessee.

"II. Subsequent to plaintiff's acquisition of said note and mortgage, as aforesaid, an attachment which defendant Locke & Massey had sued out along with a Magistrate's warrant against said Meeks for an unpaid debt for repairs and parts, was levied by defendant Sheriff Morrow on said automobile described in said chattel mortgage. Defendant Locke & Massey was given judgment, which remains unsatisfied, against Meeks in that case for the debt against him, the car thus attached having been, within a few days after levy of the attachment, replevied in this cause by plaintiff herein, the

Alabama corporation, to recover possession of the vehicle by reason of said note and chattel mortgage held by it.

"III. That since its acquisition of said note and mortgage the plaintiff, Bankers Finance Corporation had knowledge of, the fact that one T. D. Meeks, Jr., a resident of Colbert County, Ala., was in possession of said car and made regular trips into Lawrence County, and other counties, in Tennessee, said Meeks, Jr., being engaged in traveling a territory in Tennessee and elsewhere; and of the fact that said car was in Lawrence County, Tennessee, in the possession of and for use by said Meeks, Jr., on one of such trips at the time of the levy of the attachment sued out by defendant herein, Locke & Massey. [Signed here by attorneys.]

"Plaintiff's attorney does not stipulate that Bankers Finance Corporation has expressly consented to the above stated possession and use of said car by Meeks in Lawrence County or other Counties therein and elsewhere, but that said Corporation had knowledge of such facts and knew that T. D. Meeks, a person other than the purchaser and maker of their note, was so using the car and accepted at least one payment from him on the note, and there was no transfer or assignment by John R. Meeks to said T. D. Meeks of his interest in the car, or assumption of payment by T. D. Meeks of the note to plaintiff. [Signed here by attorneys.]"

It appears from the foregoing stipulation that the mortgagor resides in Colbert county, Ala., and there made this mortgage, and that it was there "legally registered." While it is not in terms stipulated that his automobile, which he thus mortgaged, was in Alabama at the time, we think this fairly inferable. Nothing to the contrary appears, nor is any defect in the mortgage apparent or

pointed out. A *prima facie* case is thus made out of a foreign mortgage entitled to priority.

██ Rejecting application of the doctrine of comity, it was held in *Snyder* v. *Yates,* 112 Tenn., 309, 79 S. W., 796, 64 L. R. A., 353, 105 Am. St. Rep., 941, that a chattel mortgage executed and recorded in another state embracing property then there, but afterwards removed to this state without proper registration here, did not give the nonresident mortgagee priority over the lien of resident attaching creditors of the mortgagor. But, in the later case of *Newsum* v. *Hoffman,* 124 Tenn., 369, 137 S. W., 490, since followed in *Hamblen Motor Co.* v. *Miller & Harle,* 150 Tenn., 602, 266 S. W., 99, 100, this court disapproved the Snyder holding and adopted the doctrine of comity, recognized in most of the states of the Union. The rule in this state, therefore, now is that the priority of a chattel mortgage validly executed and legally registered in another state, according to the laws of that state wherein the property was and the mortgagor resided, will be recognized and enforced in this state against the claims of attaching creditors, or innocent purchasers here, unless the mortgagee has consented to the *removal* of the property into this state, or having knowledge of its *removal* here, has failed to assert rights under the mortgage within a reasonable time. We italicize the word "removal." While the point is not stressed in our opinions cited, it is clearly implied, and properly, that the "removal" referred to is one of a permanent, rather than a merely temporary or transient, nature. Holding that the foreign mortgagee in the *Hamblen Motor Co. Case, supra,* "did nothing to impair the priority of their lien upon the truck" in that case, Mr. Justice Cook said: "Express consent [to the removal] is not shown, nor

does it affirmatively appear that Hannah-Miles Company knew that the truck was brought to Tennessee for permanent use.'' That this element of permanency in removal should appear to defeat. the mortgagee's priority has a basis in reason. It is only when the property is kept or used here, that it is likely to become a basis of credit, ensnaring to residents here, who are without any notice, or means of notice of the state of its title.

The argument for the attaching creditor stresses, and appears to be mainly directed to the proposition, that the automobile had been brought into this state with the consent of the mortgagee, and that this consent of the mortgagee brings this case within the exception to the rule of comity recognized by this court in *Newsum* v. *Hoffman, supra.* But, as above indicated, it is necessary that it first appear that there has been in fact and legal contemplation a removal into this state. While it is stipulated that the mortgagee had knowledge, although not expressly consenting thereto, that one T. D. Meeks, Jr., also a resident of Colbert county, Ala., was in possession of said car, and ''made regular trips into Lawrence County and other Counties in Tennessee,'' and that he was on one of these trips at the time the attachment was levied, it does not follow that there had been a *removal* of the car to Tennessee, in the sense which subjects it to attachment in priority of the mortgage. It was in Lawrence county on ''a trip'' merely, taken by a traveler. It had never, so to speak, come to rest here. Its headquarters, its home place, was apparently that of its driver, stipulated to be Colbert county, Ala. From that location it was driven on trips, merely, into Lawrence and other Tennessee counties, as its driver traveled from place to place. It was migratory, and acquired no *situs*

in this state. This vehicle can no more be said to have been removed into Lawrence county, than that its driver had removed from his home in Alabama into Lawrence county. Webster's New Unabridged Dictionary defines "removal" as a "transference; change of residence." To "remove" is "to transfer, especially in order to re-establish" a location, *situs,* or residence. It must, therefore, appear that the mortgaged property has been transferred from a foreign state into this state with the intent or effect of relocating it, surrendering a former *situs,* and adopting a new. We are not justified upon authority or reason, if the doctrine of comity is to be enforced as well as recognized, in denying to this mortgagee priority.

The judgment must be reversed.