# Buchannon *v.* State.

*(Nashville,* December Term, 1940.)

Opinion filed February 1, 1941.

142

W. J. STEPHENS, of Dickson, for plaintiff in error.

ERNEST F. SMITH, Assistant Attorney-General, for the State.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This is a conviction for violation of the age of consent, with a maximum prison sentence of three years. All the assignments of error relate to matters of testimony, the preponderance of the evidence being challenged, particular reliance for reversal being had upon the alleged error of the trial judge in sustaining an objection made by the attorney-general to the introduction and consideration by the jury of evidence presented on behalf of de-

fendant to the effect that the young woman was unchaste, bawd, and lewd before and at the time when it was contended by the State that the defendant had been guilty of illicit relations with her.

However, the State presents a motion to strike the bill of exceptions, wherein alone appear the matters above mentioned as complained of, upon the ground (1) that the bill of exceptions was not signed and filed in time, and (2) that it does not affirmatively appear that the bill of exceptions contains all the evidence. It becomes necessary therefore first to dispose of this motion.

██ ██ Considering first the asserted failure of the record to show affirmatively that the bill of exceptions contains all the evidence produced on the trial, it is true that no formal and customary recital appears expressly to the effect that the bill of exceptions contains all the evidence; however, this court has in numerous cases recognized that this particular language is not essential, if the court can find upon the record other recitals or evidences that in fact the record did contain all the evidence. It may be conceded that the question presented on this record is close. All that appears is, at the close of the testimony, the following:

"Mr. Stephens: The defense rests.

"Mr. Stephenson: We offer no rebuttal.

"After argument by counsel for the defendant and the State and the charge of the Court, the jury retired to consider their verdict."

(Mr. Stephens and Mr. Stephenson were respectively counsel for the defendant and the State.) This is followed in the transcript immediately by the charge of the court, and at the conclusion of his charge we find the usual formal certificate or statement that "the defendant tenders this his bill of exceptions . . . which is

signed, sealed, and ordered to be made a part of the record in this cause,'' followed by the signature of the circuit judge. It may be plausibly argued that the court would be justified in concluding from the definite statements of counsel just above quoted that nothing more in the way of evidence was introduced or considered. However, we find it unnecessary to decide this question for the reason that it is apparent and beyond question from the record which is before us that the trial judge committed error in the matter hereinbefore mentioned, and that this error was of such a vital nature that it undoubtedly calls for a reversal and new trial. In this situation, the holding in *Harlow* v. *State,* 159 Tenn., 537, 20 S. W. (2d), 1045, 1046, opinion by Mr. Chief Justice GREEN, has direct and controlling application. In that case are cited and quoted cases for the rule thus stated by Judge NICHOLSON in *Sweat* v. *Rogers,* 53 Tenn. (6 Heisk.), 117.

''It does not appear from the bill of exceptions that it contains all the evidence in the case. We are bound, therefore, to presume that the verdict was supported by the evidence. But this will not cure errors in the admission or rejection of evidence which was material to the issue, nor errors of law in the charge of the court, which we can see might have misled them (the jury) in rendering their verdict.''

Other cases to the same effect cited in this opinion are *Massengill* v. *Shadden,* 48 Tenn. (1 Heisk.), 357, and *Kingsley* v. *Bank,* 11 Tenn. (3 Yerg.), 107. The headnote in the *Harlow Case* thus states the rule under consideration:

''On appeal to the Supreme Court, errors of the trial court in the admission of evidence may be reviewed where the record shows the admission of such evidence regularly excepted to, although the bill of exceptions fails to

recite that it contains all the evidence heard on the trial of the case."

It results from the foregoing that the motion, in so far as it is directed to the failure of the bill of exceptions to show affirmatively that it gives all the evidence, must be overruled, and, if this were the only objection to the consideration of the bill of exceptions, we would have no hesitancy in sustaining the assignment of errors complaining of the rejection of the testimony mentioned and reversing the case, as we are advised of no authority which supports the action of the trial judge in this regard.

However, we must next consider the ground of the motion which challenges the time within which the bill of exceptions was signed and filed.

The record shows that, upon the overruling of the motion for new trial, thirty days was allowed in the order from and after August 6, 1940, within which to file the bill of exceptions.

It next appears, under a caption reading Saturday, August 24, 1940, that the court met pursuant to adjournment, and the following proceedings were had and entered of record, to-wit:

"State of Tennessee vs. Paul Buchanan.

No. 1123.

"In the Circuit Court at Hickman County.

"In this case, upon application of defendant, the time heretofore granted to prepare and file Bill of Exceptions and Appeal Bond is extended fifteen days from this date, so that defendant shall have fifteen days from this date within which to prepare and file his Bill of Exceptions.

"Enter:

"W. J. Smith, Judge.

"This September 5, 1940."

Next follows what purports to be a bill of exceptions setting forth the proceedings had on the trial, including the charge of the judge, and at the close thereof the usual formal recital concluding with the words: "Signed, sealed, and ordered to be made a part of the record in this cause. This September 19, 1940. W. J. Smith, Judge." With endorsement on same page: "Filed September 19, 1940. Mrs. A. B. Cooper, Clerk, by W. H. Baker, Deputy Clerk."

It will be observed that if the extension of fifteen days is to be taken as dating from August 24th, the date appearing on the caption of the minutes, then the time had expired before the signing date, the order of extension expressly providing that the defendant should have "fifteen days from *this date*," which would have carried the time to September 8th only, but, if the date appearing on same page below the signature of the judge "This September 5, 1940" is to be taken as the date from which the extension was provided to run, then the signing took place within the total of forty-five days thus provided, which expired on the 19th of September, and it was therefore in time.

 Nothing more appearing, it might be proper for this court to adopt as the date of the making of this order of extension the last date appearing, to-wit, September 5, 1940, and treat the bill of exceptions as filed in time. However, the court must take judicial knowledge of the fact that the circuit court of Hickman County meets on the first Mondays of March and August, and the second Monday of December (see Section 159, Williams' Code, Volume 1, page 351), and this same statute requires this court presided over by Judge SMITH to sit in Williamson County on the first Mondays in January, April, and September. The first Monday in September was the

second day of that month in the year 1940; it therefore conclusively appears that the circuit court could not have been in session in Hickman County on September 5th, the date noted on the entry hereinbefore set forth. No minute entry appears in this transcript showing adjournment of the court either as of the 24th of August, when final disposition was made of this case, or at any other time. The minutes do not show that any other business whatever was transacted by or in the court in Hickman County after the 24th day of August. We think the conclusion is compelled that that court could not have been in session at a date later than the first Monday in September fixed by statute for the meeting of the court in Williamson County. It therefore follows that if September 5th be adopted as the date for the making of this order, then it was made at a time when it was beyond the power of the trial judge to grant an order extending the time for the filing of this bill of exceptions. If on the other hand, as before shown, it be assumed that the date given in the caption of the minutes, to-wit, August 24th, was the true date, then the bill of exceptions not having been signed and filed until September 19th was filed too late.

This is not a case such as *Bankers' Finance Corp.* v. *Locke & Massey Motor Co.*, 170 Tenn., 28, 91 S. W. (2d), 297, where the trial judge, in exercise of the authority conferred by statute, Code, sections 9937 and 9939, had adjourned his court over to a time subsequent to that fixed by law for the holding of another court in the same judicial circuit, as was also the case in *Mullen* v. *State*, 164 Tenn., 523, 51 S. W. (2d), 497. In this case it does not appear that there was any uncompleted business either in progress of consideration or, so far as this record shows, on the docket of the Hickman County circuit court,

the entry finally disposing of this case being the last entry on the minutes for the August term. It resulted that the authority of the trial judge expired, if not sooner, by operation of law, with the opening of the September term of court in Williamson County, fixed by law for the first Monday of September.

In the very late case of *Puryear* v. *State*, 174 Tenn., 291, 125 S. W. (2d), 138, 139, opinion by Mr. Justice Cook, this court was compelled to strike down a bill of exceptions under very similar circumstances. In that case the court said, after mentioning that the trial of the cause had been concluded and the motion for new trial overruled: ''The appeal was prayed and granted and the trial judge, upon granting appeal, in the exercise of his discretion, restricted the time for filing the bill of exceptions to thirty days from September 9, 1937. The case was finally disposed of by that order. Nothing was left for judicial determination or judicial action at the May term to carry the case into the succeeding term,'' etc.

As in that case, so in this. The case was not automatically projected over into a succeeding term of court, as provided for by Code, section 10312, when a case is undetermined at the time the term at which it is pending expires, and we can find no authority for the signing of this extension of time for filing this bill of exceptions at a time when the term of court at which the case had been tried had expired.

This question of the expiration of the power of the trial judge over a bill of exceptions was considered in the case of *State ex rel. Swink* v. *Mayo,* 157 Tenn., 339, 8 S. W. (2d), 477, when it was held that the court lost jurisdiction by expiration of a term of court when that term conflicted with another term in the same division, that

being a chancery case, but the rules and principles being alike applicable to the circuit court.

We held in *Beiler* v. *State*, 158 Tenn., 404, 14 S. W. (2d), 51, that the trial judge may, after the thirty day period originally allowed for filing exceptions has expired, if his court is still in session, allow defendant additional time, but in that case the condition that the term had not expired was distinctly recognized. In *Humphreys* v. *State*, 166 Tenn., 523, 64 S. W. (2d), 5, it was held that after a bill of exceptions has been signed and the court has adjourned, nothing can be added to or taken from it, this holding not being directly in point, but sustaining the same principle. And see to the same effect *Scopes* v. *State*, 152 Tenn., 424, 278 S. W., 57; *State* v. *Dalton*, 109 Tenn., 544, 548, 72 S. W., 456; *Shaw* v. *Shaw*, 152 Tenn., 360, 363, 277 S. W., 898.

█ The rule hereinbefore invoked which permits the court to look to errors of the trial judge in passing upon evidence or in his charge cannot be applied when it appears that the time limitations prescribed by statute upon the filing of the bill of exceptions have not been observed. In such case the court cannot look to the contents of the bill of exceptions at all, even for the purpose of acting upon errors appearing on the face thereof.

██ In a supplemental brief filed in reply to the briefs of the State in support of the motion to strike the bill of exceptions, counsel for plaintiff in error makes a statement explaining the reason for the unfortunate delay in the signing and filing of the bill of exceptions, which explanation acquits counsel for plaintiff in error of indifference or negligence in the matter, and he offers to produce affidavits to the effect that the delay was brought about by a request of the attorney general who prosecuted the case. It is also stated in this brief that it is

the custom of the court to leave the minutes open from term to term, etc. The facts brought in this manner to the attention of the court may not properly be considered, but if they could be, these facts would not legalize the extension of time, in view of what has heretofore been shown. This is a matter controlled by statute, and not one as to which this court may exercise discretion, or extend leniency.

It results that the judgment must be affirmed, with regret, in view of what has been said in the first part of this opinion, since, without regard to what the preponderance of the evidence may be as to whether or not the defendant himself had illicit relations with the young woman in question, it was his clear right to have the jury consider the evidence which he adduced seriously reflecting upon her character or chastity.