Taylor *v.* Liddon-White Truck Co., Inc.

(*Knoxville*, September Term, 1950.)

Opinion filed October 9, 1950.

William C. Bowen and James C. Havron, both of Nashville, for plaintiff in error.

Cate & Cate, of Nashville, for defendant in error.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

Taylor loaned Bailey, both residents of Warren County, Kentucky, approximately $2,200.00 on April 27, 1947. This loan was secured by a chattel mortgage on Bailey's truck-tractor, which was in Warren County, Kentucky at the time, and the mortgage was duly recorded in that county. The tractor remained in Bailey's possession, but the mortgage provided that it should not be taken out of the county during the life of the contract without the written consent of the mortgagee. Bailey used the tractor in hauling freight for hire and made occasional trips after the execution of this mortgage to Tennessee, but promptly returned the truck each time to Warren County, Kentucky.

Taylor, the mortgagee, knew that Bailey was hauling freight with this tractor and in so doing was taking it out of Warren County from time to time. He was not informed of the occasional trips to Tennessee, and did not consent to such trips.

Something less than fifty (50%) per cent of the amount required to be repaid monthly on the loan had been made up to January of 1948 when Taylor, on account of the condition of the loan, demanded possession of the truck as provided by his mortgage. He was then informed by Bailey that the tractor was being held by Liddon-White Truck Company, Inc. of Davidson County, Tennessee for a bill of approximately $900.00 representing repairs made in Davidson County at the direction of Bailey on this tractor in December, 1947. Taylor had not previously been informed of nor authorized these repairs. The mortgage recited that the mortgagor had no au-

thority "either express or implied" to create any lien on this tractor for repairs or materials.

When the tractor was delivered to Liddon-White Truck Company in December of 1947 for the repairs mentioned it bore a license plate showing that it was registered in Warren County, Kentucky. This fact gave Liddon-White information by which it could have easily ascertained the existence of this chattel mortgage before going ahead with the repairs.

Predicating action upon his rights under the Kentucky chattel mortgage, Taylor instituted suit in the Courts of Davidson County, Tennessee, for the replevy of this tractor. Liddon-White, by refusing to voluntarily surrender its possession, preserved, as against Bailey, mortgagor, its Tennessee common law artisan's lien on the tractor for payment of the bill owed it, and resisted the replevin suit in the Tennessee Court on the insistence that its Tennessee artisan's lien was superior to the Kentucky chattel mortgage lien.

The Circuit Court of Davidson County sustained the Kentucky mortgagee's suit, thereby holding that the lien under the registered Kentucky chattel mortgage took precedence over the Tennessee artisan's lien subsequently acquired. Upon the appeal of the mechanic, Liddon-White, the Court of Appeals affirmed the Circuit Court on the authority of *Newsum* v. *Hoffman,* 124 Tenn. 369, 137 S. W. 490; *Hamblen Motor Co.* v. *Miller & Harle,* 150 Tenn. 602, 266 S. W. 99, and *Bankers' Finance Corp.* v. *Locke & Massey Motor Co.,* 170 Tenn. 28, 91 S. W. (2d) 297.

The mechanic, Liddon-White, has filed its petition for certiorari in a continuation of its insistence that the aforesaid artisan's lien is superior to the Kentucky chattel mortgage lien. The petition asserts that the exact

question presented by the aforementioned undisputed facts has never been determined by this Court, and says that the decisions of Courts of other States wherein the question has been presented are in conflict.

The Kentucky cases of *South v. Trousdale,* 233 Ky. 682, 26 S. W. (2d) 519, and *Indiana Truck Corporation of Ky. v. Hurry-Up Broadway Co.,* 222 Ky. 521, 1 S. W. (2d) 990, cited in the brief of respondent, Taylor, hold that in Kentucky the lien of a recorded chattel mortgage is superior to a subsequently acquired common law artisan's lien on the property embraced within the previously registered mortgage. Petitioner concedes this to be the law of Kentucky, but insists that it does not control Tennessee Courts in giving preference to a Tennessee artisan's lien over a prior foreign chattel mortgage lien for material furnished and repairs made in Tennessee on the property involved.

In our case of *Newsum v. Hoffman,* supra, it was held that the lien of a chattel mortgage duly recorded in Mississippi on horses owned there by the mortgagor took preference over the rights of a Tennessee innocent purchaser for value to whom the fraudulent mortgagor had sold the horses in Tennessee, provided the prior mortgagee had not authorized the removal to Tennessee of these horses. This conclusion was reached in that case "under the rule of comity between states" with the statement that: "It seems a churlish and ungracious course, if not an example of improvident judgment, to hold out against the generous comity of the many states which recognize the rule of interstate courtesy upon this subject." 124 Tenn. at pages 374-375, 137 S. W. at page 492.

In *Hamblen Motor Co. v. Miller & Harle,* supra, the mortgagor, a resident of Kentucky, had executed a chat-

tel mortgage on a truck and that mortgage was properly recorded in Kentucky. The mortgagor subsequently took this truck to Tennessee and again mortgaged it there to secure the repayment of a note for borrowed money. This Court found that the Kentucky mortgagee had not consented to the removal of the truck to Tennessee, and had not failed to assert its rights within a reasonable time; therefore, that the lien under the Kentucky mortgage was entitled to preference over the lien created by the Tennessee mortgage, citing *Newsum* v. *Hoffman,* supra.

In *Bankers' Finance Corp.* v. *Locke & Massey Motor Co.,* supra. [170 Tenn. 28, 91 S. W. (2d) 299], an Alabama owner of an automobile had there placed a chattel mortgage on it and this mortgage was duly registered in Alabama. Subsequently the mortgagor took the car into Lawrence County, Tennessee and it was there attached for an unpaid debt. This Court, citing the two above mentioned cases, held that the Alabama chattel mortgage "will be recognized and enforced in this state against the claims of attaching creditors, or innocent purchasers here, unless the mortgagee has consented to the removal of the property into this state, or having knowledge of its removal here, has failed to assert rights under the mortgage within a reasonable time." The Court then held that the "removal" referred to in the opinions "is one of a permanent, rather than a merely temporary or transient, nature."

The case at bar comes squarely within the holding of our above mentioned cases referred to in the opinion of the Court of Appeals with one exception. That exception is that in each of our cases above mentioned those residents of this State asserting that their liens were prior to those of the holder of the foreign mortgage were

either innocent purchasers for value or attaching creditors. Neither the attaching creditor nor the innocent purchaser had imparted any additional value to the property upon which he was insisting that his lien should be given preference over the chattel mortgage lien. In the instant case the petitioner is asserting a preferred claim by reason of services performed and materials furnished that had imparted additional value to the property.

In the text of 10 American Jurisprudence, page 857, it is said that "there are two directly opposite theories" as to whether the artisan's lien or the mortgage lien should be given preference. Then in Section 218 the text is that in some of those jurisdictions which give the artisan priority, weight is attached to the fact that his labor and skill has imparted an additional value to the property in question without expense to the mortgagee.

This added value theory was considered in *State* v. *Edgefield & K. Railroad Co.*, 74 Tenn. 353, 368-369, and our previous pertinent decisions reviewed. It was there held with reference to this increased value of the property that "however beneficial this might be to the mortgagees, it could not be done without their consent; that to permit it would be to permit the impairing of the obligation of the contract."

It is said in 10 American Jurisprudence, page 857-858 that some Courts prefer an artisan's lien to that of a chattel mortgage on the theory that the authority to repair is implied from the fact that the mortgagor is allowed to retain possession of the vehicle which it must be assumed will need repairs by reason of use. That reasoning and conclusion has been expressly rejected by this Court in *Shaw* v. *Webb,* 131 Tenn. 173, 183, 174 S. W. 273.

While there has been found no decision of this Court exactly deciding priority between the common law lien of a resident artisan and the prior lien of a nonresident mortgagee under a mortgage properly registered in another State before the artisan's lien was acquired, it is clear from the holdings of this Court in the above mentioned cases that preference will not be given to the artisan either on the added value theory, or on the theory that consent to the repairs was implied by the fact that the mortgagor was allowed to retain possession of the mortgaged property.

█ █ It follows necessarily that in considering the question of priority of liens between a resident artisan and a nonresident mortgagee under a mortgage properly registered previously in another State no distinction can logically be made between the rights of a resident artisan, on the one hand, and the rights of a resident bona fide purchaser or attaching creditor, on the other hand. It must, therefore, be concluded under the authority of *Newsum* v. *Hoffman, Hamblen Motor Co.* v. *Miller* and *Bankers' Finance Corp.* v. *Locke & Massey Motor Co.*, supra, that the lien of mortgagee, Taylor, created by the mortgage properly registered in Kentucky is superior to the artisan's lien of Liddon-White Truck Company, subsequently acquired in Tennessee as held by the Court of Appeals in affirming the judgment of the Circuit Court.

█ The petitioner insists that an exception should be made in this case by reason of the fact that the mortgagee, before taking any action to recover the tractor, had permitted the mortgagor Bailey to become substantially delinquent in the payment of the monthly installments due on the mortgage note. We are not able to detect in this any failure upon the part of the mort-

gagee of any duty owed by the mortgagee to this artisan petitioner; hence, this forbearance did not prejudice otherwise existing rights of the mortgagee.

■ ■ Upon the trial of this case the plaintiff mortgagee before closing his proof in chief did not expressly offer evidence to the effect that the tractor was in Warren County, Kentucky at the time of the execution and registration of the mortgage. Therefore, the defendant artisan moved at the close of the plaintiff's proof that his suit be dismissed. The overruling of this motion is assigned as error. This insistence must be rejected upon the authority of *Bankers' Finance Corp.* v. *Locke & Massey Motor Co.*, 170 Tenn. 28, 32, 33, 91 S. W. (2d) 297. In that case, as in the case at bar, the plaintiff, before closing his proof in chief, proved that the mortgage in question had been legally registered in Alabama, but did not expressly prove that the mortgaged automobile was there at the time. It was held that proof of legal registration of the mortgage in Alabama made out a prima facie case of a foreign mortgage entitled to priority. Moreover, the insistence must be rejected by reason of the fact that subsequent to the overruling of this motion the defendant proceeded to offer evidence, and thereafter the Court permitted respondent Taylor to expressly prove that the tractor was in Warren County, Kentucky, at the time this mortgage was registered. In any event, this was not under the circumstances an abuse of discretion upon the part of the trial judge.

The petition for certiorari is denied.

All concur.