NELSON-COLLINS-NASH, INC. v. ASSOCIATES DISCOUNT CORP.

(*Knoxville,* September Tenn, 1951.)

Opinion filed June 7, 1952.

CAMPBELL & CAMPBELL, of Chattanooga, for plaintiff in error.

CUNNINGHAM & VAN CLEAVE, of Chattanooga, for defendant in error.

Mr. Justice Prewitt delivered the opinion of the Court.

This is a replevin suit tried on stipulation of facts and resulted in judgment in favor of the plaintiff.

The stipulation of facts is as follows:

"The parties herein involved would show the Court that there is one question before the Court, to wit: Where a Tennessee artisan makes repairs on an automobile and retains possession of same after the work is completed, is this common law artisan's lien superior to the lien of a conditional seller where the conditional vendee is a resident of the State of Georgia and the conditional sales contract was executed in and properly recorded in the State of Georgia and the sale and delivery took place in the State of Georgia? The facts are stipulated to be as follows:

"Allen T. Daniels, a resident of Walker County, (who resided there at all times involved herein) Georgia purchased the car involved herein on or about July 7, 1949 from Hamilton & Son, Used Car Company, said used car company being located in Walker County, Georgia, the sale and delivery taking place in Georgia. The plaintiff is the present holder of the conditional sales contract, and said contract having been assigned to the Plaintiff by Hamilton & Son Used Car Company, in due course, on the same day that the contract was executed by Daniels. Daniels was employed by the Lookout Oil & Refining Company in Hamilton County, Tennessee. He drove the automobile to and from work and used it for

other pleasure purposes. The plaintiff knew that the said Daniels was employed as aforesaid, but the plaintiff did not know that Daniels drove the car to and from work and the plaintiff did not, at any time, give its consent to a removal from the State of Georgia.

"On or about October 4, 1949, the automobile involved herein developed mechanical trouble while in Hamilton County, Tennessee, and the conditional vendee, Daniels, had the car pulled in by Nelson-Collins-Nash, the defendant herein, and he contracted with them to repair said automobile. The defendant retained possession of the property after the work was done until the institution of the present proceedings when it was agreed between the plaintiff and defendant that it would be to the best interest for all concerned to allow the defendant to sell the automobile and substitute the proceeds of the sale of the car in this suit. This has been done and the car was sold by the defendant for the sum of $495.00.

"The amount due and owing to the plaintiff under the conditional contract, condition vendee at the present time and at the time the work was done was $535.45. The amount due Nelson-Collins-Nash for repairs, which it is agreed is reasonable, was $538.98. At the time the automobile was brought to Nelson-Collins-Nash it bore Georgia License tags and Mr. Daniels advised said Company that he was a resident of the State of Georgia. The Nelson-Collins-Nash Company did not have actual knowledge of the lien of the plaintiff until after the completion of the repair work. The Associates Discount Corporation did not know that the work was being done by the defendant until after Repairs were completed.

"It is expressly agreed and stipulated that the plaintiff's conditional sale contract is properly recorded under the laws of the State of Georgia and properly in evidence. Georgia statutes and case law shall be considered as pleaded and properly before the Court for consideration."

We think this case is controlled by a recent holding in the case of *Taylor* v. *Liddon-White Truck Co.,* 191 Tenn. 336, 233 S. W. (2d) 52, where it was held that a prior recorded Kentucky chattel mortgage was superior to a subsequently acquired common-law artisan's lien in Tennessee. The Court in citing prior decisions of this Court states that unless a mortgagee consents to a removal to this state, that a foreign lien will be recognized and enforced in this state against the claims of all parties. In that case the court considered the "increased value theory" that is supposed to be the basis of a common-law lien and rejected it.

The only difference in the Taylor case and the case now before us is that in the former case there was a chattel mortgage, while in the present case, it was a conditional sales contract, duly recorded as required by the laws of Georgia.

See Sec. 67-1403, Georgia Code; also Sec. 67-108 Georgia Code.

We think that where the statute provides that conditional sales contracts must be recorded and when these instruments are recorded, there is no difference in effect in instruments of this character and chattel mortgages. Of course, the recordation of the conditional sales contract is to get away from the idea of a secret lien and to give constructive notice of the claim secured. Defendants here knew that the automobile in question bore a Georgia license number. Before making the repairs,

it would have been a comparatively simple matter for them to have ascertained whether there was a recorded lien in the county of registration against the automobile in question.

We do not have here a conditional sales contract entered into in a foreign state and unrecorded. If this were the case, it would bring it under the holdings of our Court that an artisan's common law lien in Tennessee has priority over a title retention contract. *Robinson Bros. Motor Co.* v. *Knight,* 154 Tenn. 631, 288 S. W. 725; *Diamond Service Station* v. *Broadway Motor Co.,* 158 Tenn. 258, 12 S. W. (2d) 705.

It results that we find no error in the judgment of the lower court and it is affirmed.