**FORD MOTOR CREDIT COMPANY,**
**Appellant,**

v.

**QUALITY MOTORS, Appellee.**

Supreme Court of Tennessee.

July 26, 1976.

Henry Denmark Bell, Franklin, for appellant.

Wm. Carter Conway, Franklin, for appellee.

OPINION

HENRY, Justice.

This is an action for the conversion of an automobile wherein the sole issue is whether a lien perfected by a security agreement in the State of Arkansas is superior to the title of a bona fide purchaser for value without notice of the prior lien.

We respond in the affirmative and reverse a contrary ruling by the Trial Judge.

## I.

On 30 April 1971, Martin E. Freedman purchased, in the State of Arkansas, a 1971 Mustang automobile, on a retail installment contract with purchase money security interest retained. This contract was assigned by the seller to Ford Motor Credit Company, for full consideration and in the ordinary course of business. Arkansas is a so-called title state and the certificate of title issued in that state showed Ford Motor Credit Company to be the first lien holder.

After purchasing the automobile, Freedman procured a motor tag receipt from the State of Alabama, a non-title state, showing him to be a resident of Montgomery, Alabama and containing no lien notation.

Thereafter, Freedman appeared at the place of business of Quality Motors in Franklin, Tennessee, presented his Alabama motor tag receipt, and executed a bill of sale to Quality, after advising that he was a veteran just returning from Vietnam and that he desired to sell the automobile in order to continue his education.

Quality Motors purchased the automobile, taking as evidence of the transaction, the Alabama tag receipt endorsed by Freedman and a bill of sale. These documents along with title application, were forwarded to the Motor Vehicle Title Division of the State of Tennessee, and a certificate of title was issued. Thereafter Quality sold the automobile in the course of its business as a used car dealer.

The basic thrust of the defense interposed in the trial court by Quality Motors is that it was a bona fide purchaser for value, without prior notice of any claim by Ford Motor Credit Company; that all documents in its chain of title were complete and regular, and that it had no way of ascertaining any prior liens or encumbrances against the same.

After responsive pleading was filed, Ford Motor Credit Company moved for a summary judgment on the basis of the pleadings, the exhibit thereto, and a supporting affidavit.

The Trial judge held that there was no genuine issue as to any material fact and that the facts set out in the answer (and as hereinabove set out) constituted a legal defense to plaintiff's claim.

It should be pointed out that Ford Motor Credit Company, according to the pleadings, did not consent to the removal of the property into this state and had no knowledge of its removal here or of its purported registration in the State of Alabama.

## II.

■ We recognize it to be a general rule of law that the lien of a mortgage or conditional sale contract properly recorded or filed according to the law of the state where it was executed and where the property was located at the time, has priority over the rights and claims of other creditors or purchasers from the mortgagor or conditional vendee. This rule continues to prevail even after the removal of the property to another state if that removal is without the knowledge and consent of the mortgagee or conditional vendor. See Annotation, Conflict of Laws as to Chattel Mortgages and Conditional Sales of Chattels, 13 A.L. R.2d 1312.

Tennessee cases have consistently adhered to this general rule of law. The late Justice Chambliss, writing for the Court, in *Finance Corp. v. Motor Co.*, 170 Tenn. 28, 91 S.W.2d 297 (1936), phrased the matter thusly:

> The rule in this state, therefore, now is that the priority of a chattel mortgage validly executed and legally registered in another state, according to the laws of that state wherein the property was and the mortgagor resided, will be recognized and enforced in this state against the claims of attaching creditors, or innocent purchasers here, unless the mortgagee has consented to the *removal* of the property into this state, or having knowledge of its *removal* here, has failed to assert rights under the mortgage within a reasonable time. (Court's emphasis). 170 Tenn. at p. 33, 91 S.W.2d at p. 299.

This language was quoted and this rule was followed in *Lillard v. Yellow Mfg. Accept. Corp.*, 195 Tenn. 686, 263 S.W.2d 520 (1953).

We find nothing in the Uniform Commercial Code that changes this rule of law.

We, therefore, hold that the lien created by the Arkansas retail installment contract, was not lost by the removal of the automobile to Tennessee and its subsequent sale to a bona fide purchaser for value without notice of the lien. We recognize that this is a harsh holding which, in isolated instances, could be productive of injustice; however, it is the rule that has been followed consistently in this jurisdiction and which we believe to be necessary in order to give stability to transactions such as these in a mobile society. Caution and prudence are demanded in transactions involving the purchase of automobiles licensed under a state which does not have a title registration law. It is also a harsh result when an owner is permitted to pursue stolen property and recover it in the hands of an innocent purchaser from a thief, but again, legal precedent and the stability of property rights demand that this be permissible. Permitting the holder of a perfected lien to pursue the property and recover it or its value from an innocent purchaser who acquired a semblance of title from a wrongdoer is in essentially the same category.

The judgment of the trial court is reversed and this cause remanded for further proceedings consistent with this opinion.

COOPER, C. J., and FONES, BROCK and HARBISON, JJ., concur.