Turney, J.,
delivered the opinion of the court.
The grounds upon which the bill seeks to attach and sell the steamboat “Dan Able,” and apply the proceeds to the payment of the debt claimed, are;
“That the steamboat ‘Dan Able’ was enrolled at Cairo, Illinois, on the 22d day of August, 1866, on the application of E. R. Hart, and as belonging solely to the said Hart. That notwithstanding said enrollment, Daniel Able now produces a bill of sale of the said boat, dated on the 14th day of August, 1866, acknowledged in Memphis -on the 20th of the same ■month, and registered in the custom house at Cairo •on the 21st, the day preceding the enrollment, whereby the said Edward R. Hart sold and conveyed to *368 Daniel Able, for the expressed consideration of ninety thousand dollars, the steamboat ‘Dan Able’ and her appurtenances.”
It is charged that “the bill of sale was improperly recorded at the port of Cairo, and that the recording is void because, at the time, the boat had been, enrolled at the port of Louisville, Kentucky, and not at Cairo.”
We have been referred - to various acts of Congress upon the subjects of registry and enrollment, especially the act of July 29, 1850, in these words:
“No bill of sale, mortgage, hypothecation, or conveyance, of any vessel or part of any vessel of the United States, shall be valid against any person other than the grantor or mortgagor, his heirs and devisees, and persons having actual notice thereof, unless such bill of sale, mortgage, hypothecation, or conveyance, be recorded in the office of the collector of customs where such vessel is registered or enrolled; provided, that the lien by bottomry on any vessel, created during her voyage by a loan of money or materials necessary to repair, or to enable such vessel to prose-a voyage, shall not lose its priority, or be in any way affected by the provisions of this act.”
It is further provided that the collector of customs shall record such bills of sale, &c.; shall keep an index, &c.
We have thus quoted from the act referred to, because it is what is mainly relied upon, and most seriously pressed upon the attention of the court. The acts and authorities cited and furnished have *369 been carefully read and considered. We will not definitely revert to the acts of Congress, for the reason that, in the view we take of the case, they are immaterial to its proper adjudication. Taking the statement of the complainant’s case made by the bill to be true, — that the boat was improperly enrolled, and the recording of the bill of sale void, — the acts of Congress are irrelevant, and leave the rights of the parties to be determined by the laws of the State.
The acts of Congress were intended to give nationality to vessels pursuing their provisions, to protect the revenue due to the federal government, and the claims of parties dealing with the vessel as a vessel of the United States, these last connecting themselves with the commerce and navigation of the nation. It is the policy of the government to encourage and protect these as to such connection, and to give them priority over others not so related to the general public. Upon the hypothesis of the truth of the bill, the steamboat “Dan Able” was never a vessel of the United States in the sense contemplated by the acts of Congress, and no registration, or recording, or enrollment, was ■ necessary to pass the title from Hart to Able. She was a mere chattel, and no writing, and of course no registration, was necessary to pass the title under the statutes of Tennessee. It is not to be concluded from the tenor of the congressional legislation, that it was meant to have the centralizing effect of superseding the 'registration laws of the States, but only that it intended to pro *370 vide for a comprehensive plan for evidencing the nationality of vessels, confining itself to this matter as one of governmental concern, limiting its operation to “vessels of the United States,” and to persons connected with and dealing in these as such. A party not coming within the scope of these provisions must depend for his rights upon the laws of the State, subject always where they apply to the acts of Congress, based upon principles of public policy.
The only effect of the registration of the bill of - sale from Hart, under the registry laws of the State, would have been to fix upon all a constructive notice, giving no strength to the title except as it might preserve the evidence, and supply the place of possession. The boat was the property of Hart unaffected by that nationality of character consequent upon, and the object of, a compliance with the registry and enrollment laws of the United States.
Then, aside from other questions, his sale to Able with delivery of possession passed the legal title.
It is' alleged in the bill that the bill of sale was not in fact absolute, but was intended as a mortgage to secure to Able advances made to Hart, &c.
As the question is presented, its solution is immaterial. ’
Under the agreement to transfer the replevin suit to the chancery court, to be tried with the attachment suit of the complainant, no further or other authority was conferred upon the Chancellor to try the replevin than existed by law in the Judge of the law court; and it being settled that Able held the *371 legal title, and was entitled to the possession, the judgment must of course be for him in that action, and his security oh the replevin bond be discharged. The obligation of the surety upon that bond could in no way be changed by any act of Able, but depended alone upon his legal right of possession. It is clear from the proof in the case that Able had the legal title, and the right of possession is sufficient to maintain the action; whether absolute or for purposes of security, makes no difference.
Able being a stranger to the chancery suit at the time of the replevy, and claiming the property, was not in any manner estopped from commencing his action of replevin at law to recover the possession of the boat.
Able did not appeal from the decree against him, and we can express no opinion upon the holding of the Chancellor, that the bill of sale was intended as a mortgage, and that Able must account for the excess of the value of the boat after paying the debt to himself. Hart’s assignee in bankruptcy is not a party by such step or proceeding as will authorize a notice of his appeal.
The conveyance of the house and lot to Mrs. Hart by her husband is not, in view of the facts, which fully sustain the answers, fraudulent. It is unnecessary to notice the objection to the attachment under a less satisfactory state of facts. Upon the merits discussed, a very' serious question might have arisen, — whether the complainant was entitled to recover in any event, as it is quite clear he is not the *372 real party in interest, but a mere instrument in the-bands of his father' for fraudulent practices.
Note. — As to the scope and effect of the act of Congress of July 29, 1850, see White’s Bank y. Smith, 7 Wallace, 646, and Aldrich v. JEtna Com-, pony, 8 Wallace, 491.
Affirm the decree.