Agricultural Association v. Madison.

WEST TENNESSEE AGRICULTURAL AND MECHANICAL ASSOCIATION v. R. P. MADISON.

1. PLEADINGS AND PRACTICE. *Attachment. Affidavit. Amendment. Plea in abatement.* An affidavit for attachment before a justice of the peace not subscribed, though certified by the justice before whom made as sworn to and subscribed before him, does not render the attachment void. The defect may be cured by amendment. An appearance and plea to the merits is a waiver of the defect in the indictment.

2. SAME. *Same.* If the defendant appears and pleads to the merits before the justice of the peace, it is too late to file a plea in abatement in the circuit court to which an appeal has been taken.

FROM MADISON.

Appeal in error from the Law Court of Madison county. H. W. McCORRY, J.

CAMPBELL & JACKSON and McCORRY & BOND for Association.

BULLOCK & HAYS for Madison.

DEADERICK, C. J., delivered the opinion of the court.

Plaintiff, by original attachment, sued defendant for $75, before a justice of the peace of Madison county. The writ was issued upon the affidavit of W. P. Robertson, president, that said Madison was indebted to said association, etc. It is regular in form, except

that it is not subscribed by Robertson, although the justice attests that it was sworn to and subscribed before him. Bond was executed, and the writ issued and levied on two horses and a wagon. About a month after the levy, the defendant entered his appearance and waived "the time provided for in the order of publication," and both parties agreed to go into the trial of the case, and after hearing the evidence the justice gave judgment for plaintiff, and ordered the sale of the attached property for its satisfaction.

From this judgment defendant appealed to court, and executed a bond replevying the property, conditioned to pay the debt and costs in the event he should be cast therein.

Upon the return of the justice's papers into court, the defendant filed a plea in abatement, denying that "he has removed himself out of the State so that the ordinary process of law cannot be served upon him." The plaintiff moved to strike out said plea, because not filed before the justice who tried the cause. This motion was refused, and upon trial the court dischargd the attachment, but rendered judgment for plaintiff for the debt, and defendant has appealed to this court.

Defendant insists that the affidavit not having been signed, rendered all subsequent proceedings void, and that it does not purport to have been made by one authorized to make it. It purports to have been made by W. P. Robertson, Prest. The abbreviation is the usual one for the word president, and the affidavit sufficiently indicates that it was made by the president

of the association. When the affidavit was actually sworn to, and the clerk fails to attest it, it is not fatal, and the defect may be cured by amendment; so, also, an affidavit certified to be signed, without actual signature, may be amended: 1 King's Dig., 164–5. These omissions are irregular and amendable, and do not render the proceedings void, if defendant appears and pleads. Such appearance and answer or plea to the merits is a waiver of such defects in the affidavit: 12 Heis., 273; *Ib.*, 628. If exception had been taken before the justice, the omission could have been corrected.

Matter in abatement is waived by plea to the merits or entering an appearance: 1 Hum., 333; 10 Hum., 455; 3 Sneed, 358; 10 Heis., 504. Appearance and pleading to the merits give jurisdiction of the person in all tribunals. If this be done before a justice, it will be too late to except in the court above: 1 Hum., 332.

It is in the institution of the suit, before the justice, that the suit begins, and there the plea in abatement must be pleaded.

In this case it appears defendent entered his appearance, and agreed to go to trial on the merits. It was, therefore, too late for him to file a plea in abatement in the court to which he appealed, not having made an application to do so before the justice. We are of opinion, therefore, that his Honor erred, in refusing to strike out such plea, and reverse his judgment in this particular, and proceeding to render such judgment as he should have rendered direct, that said

plea in abatement be stricken out. And his judgment for the debt and costs being affirmed, a judgment will be entered here against said Madison and his sureties on the replevin bond, for the amount of said judgment and costs, and the costs of this court.