LILLARD *v.* YELLOW MFG. ACCEPTANCE CORP.

(*Knoxville*, September Term, 1953.)

Opinion filed December 11, 1953.

687

Charles C. Guinn, of Etowah, for plaintiff in error.

Mayfield & Mayfield, of Cleveland, for defendant in error.

Mr. Justice Burnett delivered the opinion of the Court.

This is a replevin action instituted on August 6, 1952 in the Circuit Court of Polk County. The trial judge, after considering several pleas or motions hereinafter to be considered, held that the plaintiff was entitled to the possession of the truck sued for and that there being nothing further to be considered, gave the plaintiff possession of this truck and taxed defendant with costs. From this judgment the defendant appealed.

The writ of replevin was obtained by the defendant in error to obtain possession of a 1952 GMC Truck which the plaintiff in error Lillard, a deputy sheriff of Polk County, held under an attachment issued out of the Chancery Court of Polk County.

The declaration, filed November 17, 1952, alleged that one Evans, a resident of Georgia, had purchased the truck from a concern in Georgia by conditional sales contract, dated February 7, 1952, which contract had been properly recorded in the State of Georgia. Thereafter the equipment company which had sold the truck to Evans assigned its interest in the contract to the defendant in error. The said Evans, the original conditional vendee, thereafter transferred his equity under the contract to one White, likewise a resident of Georgia. The defendant in error who was the plaintiff in this suit and made these allegations in its declaration that we are now referring to, consented to this transfer, by the execution of a "transfer of equity" which was recorded in the proper County in the State of Georgia. Neither the defendant in error (plaintiff below) nor the equipment company which sold the truck knew that the truck was to be operated out of the State of Georgia.

It is further alleged in the declaration that a suit had been instituted in Polk County, Tennessee, against Evans which action sought to collect a judgment rendered against Evans by a Georgia Court. It was in this suit that the truck had been attached. Earlier White, the purchaser of the truck from Evans, had brought a replevin action at law to obtain possession of the truck held under the Chancery attachment. This action had been voluntarily dismissed.

Upon being advised of the attachment and the fact that White had dismissed his suit, the defendant in error, plaintiff below, brought its action, present action in replevin, to obtain possession of the truck, default having been made under the conditional sales contract.

On the same day that the declaration was filed, the defendant, now plaintiff in error, filed a motion to quash and dismiss the writ of replevin upon the ground that the affidavit upon which the writ was issued was insufficient.

Upon this motion being made, counsel for plaintiff, defendant in error, moved the court to be allowed to amend its affidavit and to make the amendment nunc pro tunc because by inadvertence and mistake the affidavit had not been signed by the attorney making the affidavit. The record shows that the affidavit fully complied with the law in that it averred that according to the affiant's information and belief, it, the defendant in error, was entitled to possession of the truck describing it by make and number; second, that the defendant had seized the truck; third, that the property was not subject to seizure; fourth, that the plaintiff was entitled to it and demanded a writ of possession. As said counsel making this affidavit for the defendant in error, plaintiff below, failed to subscribe his name thereto, yet immediately following

the affidavit and the blank place for it to be signed by the person making the affidavit is this statement: "Sworn to and subscribed before me, this the 6th day of August, 1952, J. C. Cassada, Clerk". Then following this is the required bond in replevin actions for twice the value of the property, made by the attorney who was supposed to sign the above affidavit and signed by him and by a surety company as sureties on this bond.

The court allowed the plaintiff below to amend his affidavit by signing it. The action of the court in thus allowing the amendment is very strenuously objected to and assigned as error here. It seems to us that the court was clearly justified in allowing this amendment and that no harm can be done thereby. Code Section 9302 provides in effect that after the return of a writ where a bond is insufficient etc., that a court may enter such orders as necessary to allow these erroneous matters to be corrected. "And the court may make such other orders or enter such judgment as may be deemed expedient to secure the rights of the plaintiff or defendants." Code Section 9302.

Under this provision of the Code, this Court nearly one hundred years ago, held that the trial judge was within his right in allowing an amendment to an affidavit in a replevin action. *Applewhite* v. *Allen*, 27 Tenn. 697; *Cox* v. *Ballentine*, 60 Tenn. 362. This Court also held that an affidavit certified to be signed without actual signature may be amended. *West Tennessee Agricultural & Mechanical Ass'n* v. *Madison*, 77 Tenn. 407. We can see no error in this action of the court.

After the above mentioned action of the court the plaintiff in error, defendant below, filed five separate pleas to the declaration. These pleas in substance raise issues as follows: 1. The defendant alleged that he as a deputy

sheriff took possession of the truck by virtue of the attachment issued in the Chancery Court and denied the plaintiff's right to possession; 2. That the original vendee, Evans, had made application for and received a certificate of title for the truck from the Department of Safety of the State of Tennessee, and had failed to show a conditional sales contract held by the plaintiff. It was therefore contended in this plea since this application had been made and no mention made of a conditional sales contract held that under Chapter 70, Public Acts of 1951 (Tennessee Vehicle Title and Registration Act of 1951), Evans failure to disclose his indebtedness to the plaintiff precluded the plaintiff from asserting its rights under the contract; 3. That due to the attachment in the Chancery Court, it was claimed that the Chancery Court had sole jurisdiction of any replevin suit involving this truck and that this replevin action should be repelled; 4. That there was a judgment entered in an earlier replevin action between White and Evans which had been settled by an order of the court dismissing the action and that this action between White and Evans barred the present suit through the principles of ''res adjudicata'', ''lis pendens'', waiver, abandonment, ratification, and constructive notice, and 5. The plea of the general issue in which a jury was demanded.

The plaintiff, defendant in error here, thereafter filed a motion to strike the second, third and fourth pleas. The second plea is the one in which it is alleged that Evans had registered this car in Tennessee and had not set forth the fact that it had a lien on it. The plaintiff moved to strike this plea.

■ It is settled law in this state that the priority of a chattel mortgage validly executed and legally registered in another State, according to the laws of that State

wherein the property was and the mortgagee resided, will be recognized and enforced in this State against the claims of attaching creditors or innocent purchasers in Tennessee, unless the mortgagee has consented to the removal of the property into this State, or having knowledge of its removal here, has failed to assert rights under the mortgage within a reasonable time. *Newsum* v. *Hoffman*, 124 Tenn. 369, 137 S. W. 490. This rule has been followed consistently. See *Hamblen Motor Co.* v. *Miller & Harle*, 150 Tenn. 602, 266 S. W. 99; *Bankers' Finance Corp.* v. *Locke & Massey Motor Co.*, 170 Tenn. 28, 91 S. W. (2d) 297, and *Taylor* v. *Liddon-White Truck Co.*, 191 Tenn. 336, 233 S. W. (2d) 52.

In the instant case there are no averments in any of these special pleas that the plaintiff, defendant in error, had any knowledge whatsoever that the property was to be taken into Tennessee or was taken into Tennessee and used and registered in Tennessee. The declaration avers absolutely to the contrary and none of the special pleas aver any requisite notice to put the plaintiff, defendant in error, on notice of the fact that the truck was being driven into Tennessee and used and partially registered here. It would thus seem that the trial court was correct in holding that the 1951 Automobile Registration Act, above referred to, had no application. The nearest thing in any of the pleas that could possibly overcome the requirements of our case law, above referred to, was the allegation in the amendment of the fourth plea to the second plea that alleged that Evans was to haul lumber in the State of Tennessee for compensation for a consecutive period of more than 30 days. But it is not alleged or averred anywhere in this amendment or otherwise that the plaintiff, defendant in error, or its privies had knowledge of this fact.

694

It was held in *Hamblen Motor Co.* v. *Miller & Harle,* supra (150 Tenn. 602, 266 S. W. 100), that to constitute a removal it must "affirmatively appear that Hannah-Miles Company (mortgagee) knew that the truck was brought to Tennessee for permanent use." And in *Bankers' Finance Corp.* v. *Locke & Massey Motor Co.,* supra [170 Tenn. 28, 91 S. W. (2d) 300], this Court said: "It must, therefore, appear that the mortgaged property has been transferred from a foreign state into this state with the intent or effect of relocating it, surrendering a former situs, and adopting anew."

■ This rule of comity which we have long since adopted and followed is not attempted, in any way, to be changed by the Title Registration Act, supra.

■ The plaintiff, defendant in error, made a motion to strike the third plea which was to the effect that the property was under attachment in another case in the Chancery Court because this plea of jurisdiction was insufficient since the plaintiff, defendant in error, was a stranger to the Chancery suit and could elect to bring the replevin action in either the Chancery or the Circuit Court. Code Section 9283 provides that he may. This Court in *Brammell* v. *Hart,* 59 Tenn. 366, said: "Able being a stranger to the Chancery suit at the time of the replevin, and claiming the property, was not in any manner estopped from commencing his action of replevin at law to recover possession of the boat."

Because a company in Georgia had sold Evans a truck and Evans in turn transferred it to White both parties being residents of Georgia and then this company transferred its lien and conditional sales contract to the plaintiff, defendant in error, in no way made this party connected in any way with the Chancery lawsuit which was

between other parties. The plaintiff, defendant in error, was not made a party to that Chancery suit and so far as the record or pleas show had no knowledge of it until it was found that the suit had been instituted and a default was made in the payments of their notes and then the present action was instituted. The plaintiff, defendant in error, was entitled to possession of his truck upon this default being made and that possession is all that is required to maintain the action.

 The plaintiff moved to strike the fourth plea because of indefiniteness and also upon the ground that the judgment in the case brought by White did not as a matter of law bar this action. This plea sought to set up "res adjudicata", etc., because of a suit wherein James O. White had sought possession of this truck from the Sheriff of Polk County. Apparently the parties settled the suit as a part of the plea the judgment settling this suit between White and the Sheriff of Polk County was made a part of the plea showing that the truck was turned over to the Sheriff by consent. The judgment in this suit certainly did not bind or have anything to do with the plaintiff in error below. The plaintiff, defendant in error, had the legal title to the truck until the full payment of the indebtedness due it. The most that White, a party to that suit, held at the time of the attachment by the Sheriff was an equitable right to the truck. The owner of the legal title and the holder of the conditional sales contract and note was not a party to that suit nor had notice thereof insofar as the allegations of any of the pleas are concerned. Certainly under such circumstances "res adjudicata", or "lis pendens", etc., would be no bar to the present action. The owner of the legal title and an equitable interest cannot be said to hold the same rights of property. The defense of "res adjudicata" is only avail-

able after the issues have been judicially passed upon and determined by a court of competent jurisdiction. *Douglas* v. *Douglas,* 156 Tenn. 655, 4 S. W. (2d) 358. Then, too, there are certain other absolute requirements before said defense is available to the party relying upon it. This plea of "res adjudicata", "is that an existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of rights, questions, and facts in issue, as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction." 30 Am. Jur., page 908, Sec. 161. As we have indicated above the facts and circumstances plead in this case clearly do not bring it within the doctrine.

The first and fifth pleas are merely pleas of the general issue upon which issue was joined. Code Section 9297 is contained in the chapter of the Code dealing with replevin actions. This section provides:

"Not guilty.—The defendant may plead not guilty, in which case all special matter of defense may be given in evidence, or he may plead specially."

In the case presently being considered the defendant below, plaintiff in error here, chose to file his special pleas averring a certain state of facts. We must conclude that since these pleas alleged different states of facts that these are all the facts that the defendant had to rely upon here. As we have heretofore seen none of these facts would preclude the right of recovery of the plaintiff below, defendant in error here. As we all remember replevin is an action for possession of the chattel or goods and possession is the only question involved. After thus pleading specially, the defendant below, plaintiff in error, also has plead the general issue.

 It seems to us that under the wording of the statute last above quoted, Code 9297, that a defendant has the right to plead either not guilty in which case he may show all matters of defense or he may plead specially. We think that when he has plead specially that he is bound to his defenses as set forth under the special plea and may not still have a trial under the general issue. The phraseology and punctuation of this Code Section, 9297, is an analogy identical with Code Sections 8766 and 8767 which were considered by this Court in *Creekmore* v. *Woodard*, 192 Tenn. 280, 241 S. W. (2d) 397. This Court, speaking through Mr. Justice Tomlinson at page 283 of 192 Tenn. at page 398 of 241 S. W. (2d), said with reference to the last two Code Sections mentioned that:

"The first word of Code Section 8767 is the disjunctive 'or', and, as is apparent, the word is used to refer back to Code Section 8766. The natural meaning of the word when so used is to mark an alternative between the two matters being dealt with. There is nothing in the context which would justify a departure from this natural meaning. It seems to follow, therefore, that the use of the word 'or' with which Code Section 8767 commences necessarily implies that the general issue plea mentioned in Code Section 8766 shall not be available when the defendant is required to plead specially under Code Section 8767."

This certainly seems analogous to the situation before us. Apparently this was the position that the trial judge took of the matter when he said: "The above decision on the issue of the plaintiff's right to possession of said truck as raised by the plaintiff's motion to strike is determinative of all issues in the action, * * *. That

plaintiff's motion to strike be sustained, and that the re-plevin action be sustained; * * *."

In other words it appeared to the trial court, as it does to this Court, that since the special pleas had been decided against the defendant there are no factual issues that may now be raised in this action of replevin.

For the reasons above stated the judgment of the trial court must be sustained.