**Louis Curtis MITCHELL and Mary Louise Mitchell, Plaintiffs,**

v.

**The STATE OF TENNESSEE et al., Defendants.**

**No. C-72-241.**

United States District Court, W. D. Tennessee, W. D.

Sept. 28, 1972.

G. Philip Arnold, Memphis & Shelby County Legal Services Ass'n., Memphis, Tenn., for plaintiffs.

Bart Durham, Asst. Atty. Gen. State of Tennessee, Nashville, Tenn., for defendants.

Before PECK *, Circuit Judge, WELLFORD and McRAE, District Judges.

## MEMORANDUM OPINION

WELLFORD, District Judge.

It should be noted that the Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L. Ed.2d 556 (1972) decision was a 4–3 decision of the Supreme Court, the effect of which was to declare unconstitutional under the due process clause of the Constitution replevin laws of the States of Florida and of Pennsylvania. Justice White wrote in that case a strong and compelling dissenting opinion in which the Chief Justice and Justice Blackmun joined. Interestingly the two three Judge Courts which had considered these cases upheld the constitutionality of these replevin laws which are founded on old English common law principles. So altogether nine judges, including three Supreme Court Judges, at least two Circuit Court Judges and four District Court Judges were overruled by the four judges who comprised the Supreme Court majority in the *Fuentes* case. We are bound to follow that decision unless and until it is overturned or reconsidered.

It is worth reiterating, however, Justice White's comments (p. 102, 92 S.Ct. p. 2005: ". . . It . . . represents no more than idealogical tinkering with state law."

See also p. 102, 92 S.Ct. p. 2005:

"Certainly, I would not ignore, as the Court does, the creditor's interest in preventing further use and deterioration of the property in which he has substantial interest. Surely under the Court's own definition, the creditor has a 'property' interest as deserving of protection as that of the debtor. At least the debtor, who is very likely uninterested in a speedy resolution that could terminate his use of the property, should be required to make those payments, into court or otherwise, upon which his right to possession is conditioned."

Tennessee replevin law here challenged is nearly 125 years old and was established long before the 14th Amendment of the U. S. Constitution was adopted. It is worth mentioning that it is now declared to be unconstitutional after surviving challenges in the state courts for more than a century. We do so declare these laws unconstitutional with regret.

It should also be made clear that this Memorandum Opinion represents the viewpoint of the undersigned only.

## ORDER

This cause came on for hearing on September 28, 1972, before a three judge District Court, Honorable John W. Peck, Circuit Judge, presiding, Honorable Harry W. Wellford, District Judge, and Honorable Robert M. McRae, District Judge, and the issues having been duly heard,

It is Ordered, Adjudged, and Decreed:

(1) Tennessee Code Annotated Sections 23–2301 through 23–2328 are unconstitutional insofar as they authorize a deprivation of property without the right to a prior opportunity to be heard before chattels are taken from their possessor. See, Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972).

(2) (a) The words ". . . the party seeks to obtain possession at the institution of the suit, he may sue in

---

* Honorable John Peck, sitting by designation from Sixth Circuit Court of Appeals.

**848**

replevin. If . . . ." should be excised from T.C.A. § 23–2301.

(b) T.C.A. §§ 23–2302, 23–2304, 23–2305, 23–2306, 23–2307, 23–2308, 23–2309, 23–2311 and 23–2313 are unconstitutional.

(c) The words ". . . or, the plaintiff may sue out an alias and pluries writ of replevin, in order to get possession of the goods" should be excised from T.C.A. § 23–2310.

(d) The words "And I also command you to take said property out of the possession of the said _____, and deliver the same to the said _____, he having given bond and security as required by law." should be excised from T.C.A. § 23–2323.

(e) The words ". . . of replevin . . . ." shall be excised from T.C.A. § 23–2324.

(f) T.C.A. §§ 23–2303, 23–2312, 23–2314, 23–2315, 23–2316, 23–2317, 23–2318, 23–2319, 23–2320, 23–2321, 23–2322, 23–2325, 23–2326, 23–2327, 23–2328, are not constitutionally defective.

(3) No counsel fees and no costs are assessed.

(4) No injunctive relief is granted.