Roberta J. **HUBER**, aka Roberta Chris Holter, Plaintiff-Appellant,

v.

**UNION PLANTERS NATIONAL BANK OF MEMPHIS,** Defendant-Appellee.

**No. 73–1314.**

United States Court of Appeals, Sixth Circuit.

Argued Dec. 10, 1973.

Decided Feb. 7, 1974.

C. M. Murphy, Memphis, Tenn., for plaintiff-appellant.

Robert M. Johnson, Canada, Russell & Turner, Memphis, Tenn., for defendant-appellee.

Before PHILLIPS, Chief Judge, and EDWARDS and LIVELY, Circuit Judges.

LIVELY, Circuit Judge.

Plaintiff sought damages pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343 for violation of rights guaranteed to her by the Fourth and Fourteenth Amendments to the Constitution of the United States. The alleged deprivation consisted of taking possession of and withholding from the plaintiff a 1971 Chevrolet Malibu automobile. Both parties moved for summary judgment. The plaintiff filed three depositions and two sworn statements with her motion. The district court granted the motion of the defendant and entered judgment accordingly.

In September 1971 the plaintiff purchased a Chevrolet from a dealer in Albuquerque, New Mexico under a "New Mexico Motor Vehicle Installment Contract" by which she agreed to make a payment on the fifth day of each month for 36 months. The contract was subsequently assigned to the First National Bank of Albuquerque. In May 1972 when she was in default on one payment under the contract, plaintiff drove the car from Albuquerque to Memphis, Tennessee without advising the Albuquerque bank of her departure. On June 5, 1972 plaintiff missed her second payment.

On June 9, 1972 an employee of the defendant Memphis bank, at the request of the Albuquerque bank, took possession of the car and had it towed to a storage lot. No judicial process was employed by the defendant. Instead, possession was taken pursuant to a "self-help" article of the contract which provided, in part:

In the event Buyer defaults in any payment . . . Seller shall have all the rights and remedies of a Secured Party under the Uniform Commercial Code, including the right to

repossess the Property wherever the same may be found with free right of entry. . . .

Plaintiff admitted having signed the contract, though she stated in her deposition that she had not read it.

After learning from the Memphis police that the defendant was holding her automobile, plaintiff went to the Memphis bank and talked with Mr. Burkett, the collection manager. After some discussion, it was agreed that plaintiff could remove her possessions from the car. She refused to leave the keys with the bank and continued to demand the return of the car. A few days later plaintiff went to the storage lot where the car was parked and drove it away. She took it to the Millington Naval Air Station near Memphis where her husband was stationed. The car was left parked within the Navy base and was ticketed for illegal parking on June 12. The next day the Navy had the car towed off the base for having no pass. It was removed to a nearby service station by a wrecker company which contracted with the Navy for such services. The traffic court judge at the Navy Air Station directed the operator of the wrecker service not to release the car to anyone without a court order. The wrecker operator, who also owned the service station lot where the car was stored after removal from the Navy base, stated that he was holding the car for the Navy after towing it to the lot.

An attorney in Memphis stated in his deposition that he was contacted by Mr. Burkett and requested to bring an action for possession of the car on behalf of the Albuquerque bank. He was told that plaintiff was in default and that the automobile was on the storage lot near the Air Station. The attorney had no direct contact with the Albuquerque bank before filing a replevin action on June 15, though he did receive a copy of the contract and discuss the case with several employees of the Albuquerque bank before the hearing on June 21 at which a "Judgment in Replevin" was entered by a judge of the General Sessions Court of Shelby County, Tennessee. The attorney stated that he represented the Albuquerque bank only in the replevin action and that bank paid his entire fee. At the replevin hearing an employee of the Memphis bank testified as an agent of the Albuquerque bank as to the contract provisions and plaintiff's default. Following entry of judgment in favor of the Albuquerque bank the car was returned to Albuquerque and eventually sold. Prior to the sale an attorney for plaintiff was advised in writing that plaintiff had ten days to submit a bid on the car or pay her account in full.

In its memorandum decision, the district court wrote that—"Counsel for plaintiff made it clear at argument on the motions for summary judgment that he does not base his claim under § 1983 on the self-help repossession made by defendant Union Planters Bank on June 9, 1972." Nevertheless, in argument and brief in this court plaintiff has attacked the non-judicial repossession carried out by the Memphis bank and seeks to have us declare Tennessee Code Annotated (TCA) § 47–9–503 (§ 9–503 of the Uniform Commercial Code) unconstitutional. In her brief the plaintiff described her position in the district court as follows:

Plaintiff advised the Court, during argument, that she did not predicate her action for damages upon that first taking, for the sole reason that plaintiff had thereafter reacquired the possession of her automobile. The pleading and proof as to such action was offered solely to show the quantum of involvement herein by the defendant bank.

Since plaintiff did not contest the legality of the first taking, and did not base her only claim for relief upon it, we may not examine its legality on appeal. Therefore the constitutionality of Tennessee's "self-help" Uniform Commercial Code provision is not before us. We thus begin our consideration of this case at the point where the automobile was in the rightful possession of the Memphis bank as agent of the Albuquerque bank

pursuant to the contract executed by plaintiff.

The question before us is whether the defendant Memphis bank violated plaintiff's constitutional rights by causing a replevin action to be brought in the name of the Albuquerque bank by which the sheriff took possession of the car before a hearing. The plaintiff relies principally on Fuentes v. Shevin, 407 U. S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), in which the Supreme Court held that " . . . the Florida and Pennsylvania prejudgment replevin provisions work a deprivation of property without due process of law insofar as they deny the right to a prior opportunity to be heard before chattels are *taken from their possessor*." (emphasis added) 407 U.S. at 96, 92 S.Ct. at 2002. The Tennessee replevin statutes were held unconstitutional "insofar as they authorize a deprivation of property without the right to a prior opportunity to be heard before chattels are *taken from their possessor*" (emphasis added) in Mitchell v. State of Tennessee, 351 F. Supp. 846, 847 (W.D.Tenn.1972). Admittedly the sheriff took possession of the Chevrolet on June 15 prior to any judicial hearing though the car was not delivered to the bank until after the hearing. The plaintiff was named a defendant along with T. & R. Wrecker Service in the replevin action (plaintiff's name was incorrectly spelled and the only address given for her on the writ of replevin was that of the wrecker service), but she was not served with the writ. At the hearing on June 21, 1972 the judge of the General Sessions Court entered a non-suit as to plaintiff. She testified in her deposition that she had no notice of the hearing.

■ Replevin is the proper action when a party from whom personal property has been taken contests the validity of the taking and seeks the return of the property in kind rather than asking for damages. Lillard v. Yellow Mfg. Acceptance Corp., 195 Tenn. 686, 263 S.W. 2d 520 (1953); Pritchard v. Carter County Motor Co., 197 Tenn. 222, 270 S.W.2d 642 (1954). Since possession is the heart of a replevin action, and since the Supreme Court stated in *Fuentes* that the possessor of the property is entitled to a hearing before chattels are taken from him, we must determine whether plaintiff was the "possessor" of the automobile which was taken by the sheriff pursuant to the replevin action. So far as the record discloses, on June 15, 1972 the plaintiff had not had actual possession of the car for three days, since it was first ticketed on the Navy base on June 12 and hauled away by T. & R. Wrecker on the 13th. She continued to have title to the automobile, but had lost possession of it on June 9 when it was repossessed under a contract provision, which repossession was expressly declared to the trial court not to be the basis for her claim for damages in this action. Her brief possession of the car on June 12 between the time she removed it from the storage lot of the Memphis bank until she parked it at the Navy base was unauthorized.

■ On June 15 both the plaintiff and a representative of the defendant Memphis bank requested the Navy to release the car to them. The Navy took the position that it could not release the automobile to the owner or the bank without a court order. The person who had actual possession of the car, the owner of T. & R. Wrecker Service, stated that he was holding the car for the Navy and had been instructed by the Navy authorities not to release it to anyone without a court order. He did not contest the replevin action. At this point possession of the car was denied to plaintiff by T. & R. Wrecker Service, acting under instructions from the Navy, not by the defendant Memphis bank. The replevin action was then filed in the name of the Albuquerque bank. Under these circumstances we do not believe that the plaintiff Roberta J. Huber was the "possessor" of the automobile within the meaning of *Fuentes* and *Mitchell*, or that she was deprived of possession by the sheriff's actions under the replevin writ. She was undoubt-

edly deprived of her property when the car was repossessed pursuant to the self-help provisions of the installment contract. However, she chose not to contest that taking by legal action, but instead made an unauthorized "self-help" recovery of the property. Even this tenuously held possession was lost when plaintiff left the car in an unauthorized area of the Navy base, causing the Navy to deliver it to T. & R. Wrecker Service, the defendant in the replevin action. Thus the plaintiff suffered no deprivation of constitutional rights when the sheriff took possession of the automobile or when the court subsequently restored possession to the Albuquerque bank. This conclusion makes it unnecessary for us to decide whether the Memphis bank, in acting on behalf of the Albuquerque bank, would have been liable for damages if plaintiff's constitutional rights had been violated.

The judgment of the district court is affirmed. Costs will be taxed to the appellant.

EDWARDS, Circuit Judge (dissenting).

In this case the District Judge granted a summary judgment to defendant Union Planters National Bank of Memphis dismissing appellant Huber's 42 U.S.C. § 1983 (1970) suit for deprivation of constitutional rights resulting from the bank's repossession of her automobile.

Appellant had bought the automobile from a dealer in Albuquerque, New Mexico, and the sales contract (not title retaining) was assigned to the First National Bank of Albuquerque. After she defaulted on two monthly payments and moved to Memphis, Tennessee, in order to be near her husband who was sta-

tioned at a naval air base there, the car was taken from her possession surreptitiously and without notice by an employee of the Union Planters Bank. Appellant found the car on the bank parking lot and took it back. She drove it to the naval air station and left it there on a parking lot. It was illegally parked and consequently was removed to a wrecking service garage by authority of the naval air base.

While the car was in that garage, the same Union Planters Bank employee, Burkett, got a Union Planters Bank lawyer, Norville, to seek a writ of replevin, while he, Burkett, was at the garage waiting to receive the writ. On its receipt Burkett took the car and it is undisputed that it subsequently was sent to the First National Bank of Albuquerque and was sold there.

Appellant paid up the two missing installments on the same day, June 15, 1972, that the writ of replevin was issued.

Plaintiff relies upon the doctrine of Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), and her claim is that she was denied due process of law in that she was never served with any notice of the replevin proceedings and had no actual knowledge of them.

Under these facts I believe that plaintiff was the lawful owner and possessor of the automobile in question at the time of the replevin action and that she was deprived of her automobile by defendant Union Planters Bank and its agents without notice and in violation of the due process clause of the United States Constitution as construed in Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972).

I would reverse.